**A. A. SPURLIN, Surviving parent of Douglas J. Spurlin, a minor, deceased, Plaintiff-Appellant,**

v.

**GENERAL MOTORS CORP. et al., Defendants-Appellees.**

No. 28224.

United States Court of Appeals, Fifth Circuit.

May 8, 1970.

Carey Walker, Jr., Huntsville, Ala., Francis H. Hare, Jr., Birmingham, Ala., for plaintiff-appellant.

Ralph H. Ford, Harold Herring, Huntsville, Ala., John Eyster, Decatur, Ala., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge and BELL and INGRAHAM, Circuit Judges.

PER CURIAM:

The Plaintiff sued (i) the Manufacturer of the school bus body (Thomas) and (ii) the Manufacturer of the chassis (General Motors) for fatal injuries to a public school pupil resulting, it was claimed, from collapse of the bus top when the bus capsized after it went off the road. The District Court granted Thomas' motion for summary judgment presumably by choosing the Seventh Circuit approach [1] to the currently much mooted "crashworthy" concept, rather than that typified by the Eighth Circuit decision.[2]

In this multiple claim, multiple party case (F.R.Civ.P. 54(b)), the District Court, obviously unable to certify the Order as "final" under F.R.Civ.P. 54(b), did certify it under 28 U.S.C.A. § 1292(b), and this Court allowed the interlocutory appeal.

Consideration of the briefs and the oral arguments convince us that the Order allowing the interlocutory appeal was improvidently entered. Many parts of this case, even on the District Court's present holding, remain open for a factual trial. Moreover, considering the great likelihood that the choice to be made by a Federal Court of Appeals in this likely *Erie* problem in the context of a dynamically expanding area of the

1. Evans v. General Motors Corp., 7 Cir. 1966, 359 F.2d 822, cert. denied 385 U.S. 836, 87 S.Ct. 83, 17 L.Ed.2d 70.

2. Larsen v. General Motors Corp., 8 Cir., 1968, 391 F.2d 495.

law would require a record in which the facts, not conclusory pleadings or affidavits, would be required, we think the District Court may well wish to reconsider disposing of this difficult problem without full factual inquiry. Of course, it has the unlimited right to do so until a final judgment disposing of all issues as to all parties is entered. It would be a mistake for this Court to undertake to lay down legal principles at this time on this record.

Accordingly, the Order heretofore allowing the interlocutory appeal is vacated. The case remains pending as to all parties and all issues before the District Court until such time as all parties and all claims are disposed of, F.R.Civ.P. 54(b).

Appeal vacated and remanded.