**A. C. NIELSEN COMPANY, Petitioner,**

v.

**Honorable Julius J. HOFFMAN, United States District Judge, Respondent.**

No. 12606.

United States Court of Appeals
Seventh Circuit.

Oct. 7, 1959.

M. Hudson Rathburn, Walther E. Wyss, Mason, Kolehmainen, Rathburn & Wyss, and Clemens Hufmann, Chicago, Ill., for petitioner.

Alfred B. Teton, Chicago, Ill., for respondent.

Before DUFFY, SCHNACKENBERG and PARKINSON, Circuit Judges.

DUFFY, Circuit Judge.

This is a petition for a writ of mandamus. The petitioner asks this Court to direct the Honorable Julius J. Hoffman, United States District Judge, to vacate and set aside an order of transfer entered by him on March 26, 1959 in a patent infringement case pending in the District Court for the Northern District of Illinois, Eastern Division.

On November 3, 1958, petitioner, as plaintiff, filed its complaint in the District Court for the Northern District of Illinois, Eastern Division, against American Research Bureau, Inc. charging infringement by defendant in the Northern District of Illinois of two patents owned by plaintiff. On January 9, 1959, defendant filed a motion entitled: "Motion to Dismiss and for Change of Venue" the latter part of the motion alleging the cause should be transferred to the Southern District of New York for the convenience of the parties and witnesses and in the interest of justice. Supporting affidavits were filed. On January 26, 1959, plaintiff filed an amended complaint alleging infringement of the patents described in the original complaint, and likewise two additional patents owned by plaintiff. Defendant's original motions to dismiss and for change of venue were permitted to stand against the amended complaint.

Defendant in the suit out of which this proceeding arose is a Delaware corpora-

tion. Its principal place of business is Beltsville, Maryland, which is 225 miles distant from New York City. It maintains a large office in New York City. The records of defendant are maintained in either Beltsville or New York City. Defendant claims that all officers and employees who have personal knowledge of defendant's system reside within 100 miles of the city of New York.

Defendant maintains and operates a substantially instantaneous electronic television audience sampling system. This system provides information as to the tuning conditions of sample television receivers in seven cities. One of these cities is Chicago. The central control station of the system is in New York City.

Although no answer was filed, and discovery proceedings had not developed so that plaintiff could say which of the 65 claims would be relied on in the infringement suit, defendant asserted it would raise the defense of invalidity on the grounds: 1) patentees were not the first inventors; 2) prior public use in New York City; 3) lack of novelty; 4) inoperativeness and 5) unpatentability over prior art and publications. Defendant also claimed non-infringement.

Plaintiff alleged it was an Illinois corporation with principal place of business in Chicago; that the six inventors of the various patents in suit reside in the Northern District of Illinois; that if transferred, disposition of the case would be delayed due to the congested state of the calendar in the Southern District of New York; that plaintiff's rights are violated in the Northern District of Illinois by the continuous commercial operation of defendant's Arbitron System; that it exercised its venue privilege in good faith.

On March 26, 1959, Judge Hoffman granted defendant's motion to transfer under Title 28 U.S.C. § 1404(a), and issued an order accordingly, concluding that in view of this action he did not need to rule on the venue question. He delivered a lengthy oral opinion from the bench. On the same day, and upon request of plaintiff, an order was entered staying the transfer of the action to and including April 6, 1959.

On April 3, 1959, plaintiff served on defendant its petition for reconsideration, supported by affidavits from Rahmel, an Executive Vice President of plaintiff, and of Attorney Walther Wyss. This petition urged error by the Court in its original decision and raised additional factors. Plaintiff claimed these factors were only pertinent because the District Court had accepted, at face value, affidavits presented by defendant which plaintiff characterized as being purely speculative. Plaintiff's petition included the identification of numerous Chicago-area witnesses if defendant eventually attempted to prove the so-called speculative defenses which it had suggested.

The matter came before Judge Hoffman on April 6, 1959. He refused to read or otherwise consider the petition, affidavits or brief filed by plaintiff. He stated: "I approach it as a matter to which I gave careful consideration on the papers, every paper I had before me, the briefs and the affidavits of the defendant and plaintiff, and I think I will deny this petition." The Judge's attention was then invited to the fact that new points had been raised in the petition. He stated he was not going to re-try motions and then said: "I would say if you want to argue them out with counsel out of my presence and convince him that I was mistaken, and obviate the possible defense of a mandamus proceeding which I suppose you will institute if I deny your petition as I propose to do, * * * *".

The Court stated that he was sure that the attorney for defendant, who is a very able and resourceful lawyer, wouldn't want to put his client to the useless defense of a petition for mandamus.

The Attorney for plaintiff then asked for a stay for an additional ten days so that he could file a petition for mandamus. The Court refused to grant the stay. The Attorney for plaintiff explained that some court decisions indi-

cated that if the transfer order issues and the record is filed in the other court, the first court loses jurisdiction as well as the Court of Appeals in that Circuit. Plaintiff's counsel stated that was the only reason he wanted the order for a further stay. The Judge replied: "We dispose of litigation here" and again announced that he denied the motion for an additional stay of ten days.

Thereafter occurred a determined effort to prevent the plaintiff from timely filing a petition for mandamus in this Court. The order staying the operation of the transfer order extended to and included April 6, 1959. This order was not vacated or set aside. The District Judge had been advised that plaintiff intended to apply to this Court for a writ of mandamus. Copies of some of the papers were hurriedly obtained, apparently by the attorney for defendant, and were presented to the clerk of the District Court for the Northern District of Illinois, Eastern Division, for certification and mailing. The clerk certified the transcript of record and several other papers. We may assume the clerk did not send the certified copies to the New York Court until after the close of the business day of April 6, 1959, as the stay order which was in full force and effect included that day. We assume further that such papers were forwarded in the usual manner by postage free official mail.

The record before us discloses that some of the certified copies reached the clerk's office of the New York Court on April 7. However, on the morning of April 7, 1959, plaintiff's attorney presented to the clerk of our Court for filing, a petition for a writ of mandamus. There is no showing that the papers reached the clerk of the New York District Court earlier than the time the petition for the writ of mandamus was presented to our Court.

■ Courts do not look with favor upon the efforts of parties to a lawsuit or their counsel to prevent an opposing party having its day in court. We need

not now decide whether, under a similar fact situation, we would follow the rule announced in Drabik v. Murphy, 2 Cir., 246 F.2d 408. We hold the situation in the case at bar is not governed by that case. We hold further that this Court has the jurisdiction and the power to entertain and consider the petition for a writ of mandamus which was filed with us on April 7, 1959, and we shall proceed to do so.

The briefs and oral argument of plaintiff contending that Judge Hoffman abused his discretion or failed to exercise his discretion, are, in large part, directed at the occurrences during the court session of April 6. Although the Judge had granted a ten-day stay of his order for transfer to and including that day, the purpose of the stay was not stated. Plaintiff's attorney reasonably assumed it was for the purpose of asking a reconsideration of the Court's order of transfer. Apparently plaintiff's counsel was confident he could point out numerous errors as disclosed by the oral opinion of the trial court on March 26.

However, when the court session was called on April 6th, Judge Hoffman promptly announced he would not retry the motion. Although plaintiff's counsel urged that new points had been raised and additional affidavits were presented, the Judge would not read or consider them.

■ As the respondent had granted the ten-day stay for some purpose, we think he should have read and considered the briefs and affidavits tendered. In our view, he should have granted a brief additional stay to enable plaintiff's counsel to apply to this Court for a writ of mandamus. But the petition for the writ before us asks that we vacate and set aside the order of transfer dated March 26, 1959. Whether the Judge acted correctly or incorrectly ten days later on April 6 is not important. Whether he might have changed his mind had he read the tendered papers is sheer speculation. We think the question which we must deter-

mine is whether there was an abuse of discretion on Judge Hoffman's part on March 26, 1959, when he entered the order of transfer to the Southern District of New York.

We think it unwise for a District Judge to enter an order of transfer in the early stages of a case before it can be determined just what the issues in that case are going to be. In the case in which the transfer order was issued, at the time respondent ordered the transfer, there was a possibility that 65 claims of 4 patents might be in issue. However, the probability was that after pre-trial discovery had been completed, plaintiff would decide to try the case relying on a far less number. We cannot ascertain any compelling reason why the order should have been entered at such an early stage of the proceeding.

Plaintiff is an Illinois corporation with its principal place of business in Chicago. Plaintiff claimed infringement of its patents in the Northern District of Illinois. Plaintiff made its choice of a forum. We agree it was error for respondent to order the transfer when he did, but we are not here concerned with error. Pertinent is our language in Chicago, Rock Island & Pacific R. Co. v. Igoe, 7 Cir., 220 F.2d 299, 304: " * * * But what he (the writer of the opinion) or any other judge might have done in the circumstances is not the test we must apply in deciding this case. To warrant action by us, there must be something more than an erroneous decision. Our problem is, was the refusal by the District Judge to order the transfer, an abuse of discretion?"

Mandamus of a District Judge is a drastic and extraordinary remedy. Something more must be shown than an erroneous decision. Sypert v. Miner, 7 Cir., 266 F.2d 196. The situation before us is close to the line. However, we have concluded that an abuse of discretion has not been established. It follows that the petition for a writ of mandamus must be and is

Denied.