**In re SOUTHWESTERN MOBILE HOMES, INC., Praying for a Writ of Mandamus.**

**No. 20424.**

United States Court of Appeals
Fifth Circuit.

April 29, 1963.

Cecil D. Elfenbein, Dallas, Tex., for petitioner.

Before RIVES and GEWIN, Circuit Judges, and SHEEHY, District Judge.

PER CURIAM.

Petitioner moves for leave to file a petition for mandamus to require Honorable Joe E. Estes, District Judge, Northern District of Texas to vacate his order transferring Civil Action No. 9241, pursuant to 28 U.S.C.A. § 1404(a)[1] to the United States District Court for the District of Colorado.

The District Judge heard the motion to transfer the action when the case was set for pretrial on March 15, 1963, and at that time advised the parties that the action would be transferred. On March 18, the formal order of transfer was entered. On March 20, the papers were received by the District Court for the District of Colorado and docketed in that Court as Civil Action No. 7918. Two days later, on March 22, petitioner filed this motion for leave to file a petition for mandamus.

■ It does not appear that the plaintiff, petitioner, had seasonably moved for a stay within which to seek review either by mandamus or by appeal under 28 U.S.C.A. § 1292(b). Thus, when the petitioner's motion for leave was filed in this Court, the transfer was complete and the District Court for the Northern District of Texas had already lost jurisdiction. It is extremely doubtful whether this Court now has the power to compel the District Judge to vacate his order transferring the action. Drabik v. Murphy, 2 Cir. 1957, 246 F.2d 408, distinguished in A. C. Nielson Co. v. Hoffman, 7 Cir. 1959, 270 F.2d 693, 695.

■■ If such power does exist, only a very extreme case would cause us to provoke a possible conflict between the Circuits. This Court's decision could not preclude the transferee Circuit from reaching a contrary result. See Hoff-

1. "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

man v. Blaski, 1960, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254. The motion for leave does not present such a case and it is therefore

Denied.