**A. L. GARNER et al., Appellants,**
v.
**Rick WOLFINBARGER et al., Appellees.**
**Ex parte A. L. GARNER et al.,**
**Petitioners,**
v.
**Hon. H. H. GROOMS, U. S. District Judge for the Northern District of Alabama, Rick Wolfinbarger, et al., Respondents.**
**No. 26168.**

United States Court of Appeals, Fifth Circuit.
Aug. 31, 1970.

J. Vernon Patrick, Jr., Howard P. Walthall, and Marvin Cherner, Birmingham, Ala., for A. L. Garner, and others; Berkowitz, Lefkovits, Vann & Patrick, Birmingham, Ala., of counsel.

Robert S. Vance, Birmingham, Ala., for First American Life Insurance Co.; Jenkins, Cole, Callaway & Vance, Birmingham, Ala., of counsel.

Wm. T. Gossett, Detroit, Mich., John C. Bartlett, Reno, Nev., Orvel Sebring, Philadelphia, Pa., Attys. for American Bar Assn. as amicus curiae; Gregory M. Harvey, Philadelphia, Pa., and William Bew White, Jr., Birmingham, Ala., of counsel.

C. A. L. Johnstone, Jr., J. Jeptha Hill, William H. Hardie, Jr., Mobile, Ala., for Leon V. McVay, Jr.; Johnstone, Adams, May, Howard & Hill, Mobile, Ala., of counsel.

Ronald P. Slepian, Mobile, Ala., for Dr. George Mitchell, Daniel P. Matthews, Bruce W. Skinner and Charles A. Schuerman; McDermott & Slepian, Mobile, Ala., of counsel.

Charles H. Erwin, Mobile, Ala., for Hiram D. Snowden, B. J. Withdrow, Rick Wolfinbarger, Merritt Marine, Oscar B. Liddell and Ollie Howell.

Bert S. Nettles, Mobile, Ala., for William R. Marshall; Johnston, Johnston & Nettles, Mobile, Ala., of counsel.

Champ Lyons, Jr., Herman H. Hamilton, Jr., L. Lister Hill, Montgomery, Ala., for Guy H. Aderholt, William M. Birchfield, Carey P. Buffington, C. T. Fitzpatrick, Dr. David C. Mussleman, Dr. Francis E. Nicholas, John N. Prim, Roy J. Reed, Jr., Ray Wyatt, A. J. Brown, Gale S. Fly; Capell, Howard, Knabe & Cobbs, Montgomery, Ala., of counsel.

Before JOHN R. BROWN, Chief Judge, GODBOLD, Circuit Judge, and CABOT, District Judge.

GODBOLD, Circuit Judge:

Plaintiffs sued the corporation in which they are shareholders, and various of the corporate directors, officers and controlling persons, claiming violations of

federal and state securities laws, fraud and other wrongs. The District Court for the Northern District of Alabama transferred the cause to the Southern District of Alabama under 28 U.S.C. § 1404(a). The plaintiffs seek to review that order by interlocutory appeal under 28 U.S.C. § 1292(b) and by a petition for writ of mandamus against the District Judge who entered the transfer order directing him to retain jurisdiction of the cause.[1]

This court granted permission for a § 1292(b) appeal from the transfer order but reserved ultimate determination of the appropriateness of the appeal for consideration along with the merits. We conclude that leave to appeal was improvidently granted. Also we deny the petition for mandamus.

■ To attempt to get within § 1292 (b), the plaintiffs grasp for a controlling question of law as to which there is substantial ground for a difference of opinion by contending that a plaintiff's choice of forum should always be respected in actions brought under the Securities Act of 1933 and the Securities Act of 1934. Similar contentions have been rejected in Ex Parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949) and United States v. National City Lines, Inc., 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226 (1949). In Securities Act cases venue has been transferred to other districts in Schneider v. Sears, 265 F.Supp. 257 (S.D.N.Y.1967); Axe-Houghton Fund A, Inc. v. Atlantic Research Corp., 227 F.Supp. 521 (S.D.N.Y. 1964); Sher v. Johnston, 216 F.Supp. 123 (S.D.N.Y.1963); Polaroid Corp. v. Casselman, 213 F.Supp. 379 (S.D.N.Y. 1962).

The plaintiff's statutory privilege of choosing his forum is a factor, held in varying degrees of esteem, to be weighed against other factors in determining the convenient forum.

Time, Inc. v. Manning, 366 F.2d 690 (5th Cir. 1966). That factor is not controlling. Ultimately the trial judge must use his discretion.[2]

This court has used the procedure of § 1292(b) to review both questions of law[3] and the discretion of the trial judge in transfer cases. But we have not squarely adjudicated the propriety of review of discretion under § 1292(b). In Ex parte Chas. Pfizer & Co., Inc., 225 F.2d 720 (5th Cir. 1955), a mandamus case, without referring to § 1292(b), we said that a transfer order was interlocutory and not appealable. We invited certification in Ex parte Deepwater Exploration Co., 260 F.2d 546 (5th Cir. 1958) but the District Court declined on grounds it was not an available procedure, Deepwater Exploration Co. v. Andrew Weir Ins. Co., 167 F.Supp. 185 (E.D.La.1958). Subsequently we issued another invitation in In re Humble Oil & Refining Co., 306 F.2d 567 (5th Cir. 1962), and this time it was accepted, Humble Oil & Refining Co. v. Bell Marine Service, Inc., 321 F.2d 53 (5th Cir. 1963). In *Humble II* we recognized that the question whether the District Court opinion in *Deepwater* correctly stated the law would have to await "a proper case on another day." Subsequently in Time, Inc. v. Manning, *supra*, we affirmed the District Judge's denial of a discretionary transfer, considering it along with a jurisdictional issue clearly appealable under § 1292(b), without consideration of the independent availability of such review. The "proper case on another day" is now at hand. Presumably it was with this thought in mind that the panel which granted leave

---

1. This case formerly was consolidated with First American Life Insurance Company v. Garner, No. 26266. By opinion entered in the consolidated cases the consolidation was vacated and No. 26266 was decided on the merits. Garner v. Wolfinbarger [Nos. 26168 and 26266, 430 F.2d 1093, 5th Cir., 1970.]

2. See generally, 1 Moore, Federal Practice ¶ 0.147 (1964).

3. Continental Grain Co. v. Federal Barge Lines, Inc., 268 F.2d 240 (5th Cir. 1959), aff'd sub nom. Continental Grain Co. v. Barge FBL–585, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).

to appeal reserved ultimate decision on the appealability question until later.

■ We are of the view that § 1292(b) review is inappropriate for challenges to a judge's discretion in granting or denying transfers under § 1404(a). The Congressional policy against piecemeal appeals, as expressed in the final judgment rule, 28 U.S.C. § 1291, to which § 1292(b) is a narrow exception, is eroded by permitting review of exercise of the judge's discretion under § 1404(a) as a "controlling question of law." Our conclusion is the same as that already reached by the Second, Third, and Sixth Circuits,[4] and by the text writers.[5]

The temptation is great when an interlocutory appeal is properly taken from one order, and the record is before us, and the parties themselves may desire a declaration on the validity of another interlocutory order not independently appealable under § 1292(b), to consider everything on a sort of ad hoc pendent jurisdiction basis. Apparently this is what happened in Time, Inc. v. Manning. A similar case is Koehring Co. v. Hyde Construction Co., 324 F.2d 295 (5th Cir. 1963), where appellant appealed from denial of a motion to dismiss on grounds of lack of jurisdiction in Mississippi and of alternative § 1404(a) and § 1406(a)[6] motions to transfer to Oklahoma. Without considering the question of availability of review, we held that we need not reach the jurisdiction issue because the case should be transferred to Oklahoma. There are several considerations against

piecemeal appeals. It is contrary to the language of § 1292(b), which is in terms of the appealability where "*such order* involves a controlling question of law." The issue is not one of convenience to the litigants, or even to this court, but of appellate jurisdiction. The ad hoc approach *invites the parties to inject a sham issue* as the vehicle to bring the case to this court at the interlocutory stage for a declaration on an order not otherwise reviewable. And it confuses the courts and the parties, who assume that because a discretionary transfer order has been reviewed in one case it can be reviewed in any other.

This Circuit has recognized the availability of mandamus as a limited means to test the district courts' discretion in issuing transfer orders. Ex parte Blaski, 245 F.2d 737 (5th Cir.), cert. denied, 355 U.S. 872, 78 S.Ct. 122, 2 L.Ed. 2d 76 (1957); Ex parte Chas. Pfizer & Co., supra; Atlantic Coast Line R.R. v. Davis, 185 F.2d 766 (5th Cir. 1950). *Cf.* Ex parte Deepwater Exploration Co., *supra*.[7]

In the voluminous litigation over transfer orders, only a few litigants have surmounted the formidable obstacles and secured the writ.[8]

There is not shown in this case any failure by the District Judge to correctly construe and apply the statute, or to consider the relevant factors incident to ruling upon a motion to transfer, or any clear abuse of discretion on his part. *Blaski, supra; Pfizer, supra; Atlantic Coast Line, supra.* While couched in

---

4. A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 443 (2d Cir. 1966); Standard v. Stoll Packing Corp., 315 F. 2d 626 (3d Cir. 1963); Bufalino v. Kennedy, 273 F.2d 71 (6th Cir. 1959).

5. 1 Barron & Holtzoff, Federal Practice & Procedure, § 86.7 at 434 (Wright ed. 1960); *Cf.* Moore, Federal Practice, ¶ 0.147 at 1973–74 (1964).

6. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

7. Some opinions of other circuits are to the contrary. *E. g.*, A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 445–448 (2d Cir. 1966) (dissent); In re Josephson, 218 F.2d 174 (1st Cir. 1954); All States Freight, Inc. v. Modarelli, 196 F.2d 1010 (3d Cir. 1952).

8. We note Chicago R. I. & P. R.R. v. Igoe, 220 F.2d 299 (7th Cir.), cert. denied, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955) (mandamus ordering transfer); Atlantic Coast Line R.R. v. Davis, *supra* (mandamus preventing retransfer); see also Koehring Co. v. Hyde Construction Co., *supra*.

other terms, what is urged upon us is that on balance the Northern District of Alabama is a more convenient forum than the Southern District. That is not the basis for a writ.

The transfer order is affirmed. The petition for writ of mandamus is denied.

JOHN R. BROWN, Chief Judge, concurring and dissenting in part:

I agree that the transfer from the Northern to the Southern District of Alabama should not be disturbed whether approached as a petition for mandamus or on its merits under § 1292(b). But I dissent as to the Court's holding that § 1292(b) is not available to test the grant or the denial of a transfer under § 1404(a) when the issue is the so-called "abuse of discretion" by the trial Judge.[1]

I think the decision is both a retreat and discounts too much the action and words of this Court in cases other than *Humble II.*

Heading the list of significant decisions holding against a direct challenge to the use of § 1292(b) in a § 1404(a) transfer is *Continental Grain* (note 1, *supra*). We had to determine whether § 1292(b) applied to an *in rem* admiralty case even though it was not, in the words of § 1292(b) a "civil action".[2] We did that in the context of an appeal from an order transferring the cause from Louisiana to Tennessee. Bound up in the "civil action" problem was the action basically under attack—the transfer.

We thought the issue presented was sufficiently controlling—as did the Supreme Court—even though both opinions reflect that the net effect of our decisions was merely to approve trial in Tennessee rather than in Louisiana. There is not the slightest hint that the interlocutory appeal was deciding questions of substance, procedure or evidence that would have any perceptible effect on the disposition of the case apart from *where* it was to be tried. This feature also puts the spotlight on the Court's present overemphasis on "controlling issue of law". The statute[3] contains two modifiers. The controlling issue must (i) be one as to which there is a substantial difference of opinion and, more important, (ii) a decision which will materially advance the ultimate termination of the litigation. It bears emphasis that Congress did not talk in terms of "dispositive" issues. Congress took a practical view, as have we until today, to measure the order in practical terms as

---

1. I would assume that an identifiable question of law, such as jurisdiction in the transferor or transferee court could still be certified and reviewed under 1292 (b). See, e. g., Blaski v. Hoffman, 5 Cir., 1958, 260 F.2d 317, aff'd, 1958, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254; Continental Grain Co. v. Federal Barge Lines, Inc., 5 Cir., 1959, 268 F.2d 240, 1959 A.M.C. 2158, aff'd, 1960, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540. While this lessens the Court's retreat I am at a loss to understand how that "non-discretionary" law point makes it any more or less "a controlling issue of law" when the real question is whether the yet untried case *is* or *is not* to be transferred and thereafter tried.

2. This was in the old days, good or bad, as one looks at the subsequent integration of Civil and Admiralty Rules, see 39 F.R.D. 69.

3. 28 U.S.C. § 1292

  (a)  *  *  *

  "(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially. advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C.A. § 1292(b) (1958 Supp.).

seen through the eyes of the trial Judge and the three Judges of the Court of Appeals in allowing the appeal. If there is anything which Judges as former lawyers could never forget it is the fact that *where* a case is to be tried can be the most important thing about it. A personal damage suit filed in Alabama and ordered transferred to, say, New York or Illinois where dockets are 4 to 5 years behind suddenly takes on a different hue. Settlement now becomes more important, more imminent. And nothing quite contributes so much to "termination of the litigation" as a settlement.[4]

Equally important, by a case subsequent to *Humble II* this Court has sounded in emphatic terms the broad liberal approach we have given—before and since *Humble II*—to § 1292(b). In so doing we emphasized also the unsatisfactory nature of the writ of mandamus in which the Judge enters the lists as an adversary and decision is cast in that awful misnomer of the law—abuse of discretion which, no matter how watered down, borders close on saying that the Judge's action was not merely erroneous—it was so to the point of irrationality. In Tokio Marine & Fire Ins. Co. v. Aetna Casualty & Surety Co., 5 Cir., 1963, 322 F.2d 113 we had this to say:

> At the outset we may readily dispose of the request that we mandatorily order certification under § 1292(b). The occasions for that relief would indeed be rare, if not superfluous. Having said as much, we nevertheless think that as to the basic constitutional issue of the supremacy of admiralty, Judge Ainsworth reads § 1292(b) much too narrowly. We do not believe it does any good to echo epithets uttered by others that § 1292(b) is to be 'sparingly applied,' Milbert v. Bis-

on Laboratories, Inc., 3 Cir., 1958, 260 F.2d 431, 433. Following very practical considerations, we have on a number of occasions allowed interlocutory appeals. Ex parte Deepwater Exploration Co., 5 Cir., 1958, 260 F.2d 546, on remand, Deepwater Exploration Co. v. Andrew Weir Ins. Co., E.D.La., 1958, 167 F.Supp. 185; Ex parte Watkins, 5 Cir., 1958, 260 F.2d 548, certification held inadequate, 5 Cir., 271 F.2d 771, 76 A.L.R.2d 1113; Jewell v. Grain Dealers Mutual Ins. Co., 5 Cir., 1959, 273 F.2d 422; Ex parte Underwriters at Lloyd's London (Gulf Shipside Storage Corp. v. Underwriters at Lloyd's London), 5 Cir., 1960, 276 F.2d 209. Pointing out that '[e]ach application is to be looked at then in the light of the underlying purpose reflected in the statute,' Hadjipateras v. Pacifica, S.A., 5 Cir., 1961, 290 F.2d 697, 702, 1961 A.M.C. 1417, we have allowed full use of this effective device where there is 'a controlling question of law' and 'an immediate appeal' may 'materially advance the ultimate termination of the litigation.' For these purposes, 'the litigation' is here the Louisiana libel against the tug's underwriters. If the underwriters are correct—and we may assume without deciding the if is a big one—then the Constitution forbids the further prosecution of the case against them in Louisiana. An authoritative decision would not only 'materially advance' the ultimate disposition of 'the litigation,' it would terminate it altogether. On that hypothesis, to require the parties to go through a trial before a court lacking jurisdiction would be both expensive and senseless for no matter what facts were developed on the trial, the Constitution would forbid the adjudica-

---

4. A large number of our § 1292(b) appeals involve application of long arm service of process statutes. Although these present frequently a "law" question, either of state construction, federal Constitution, or both, and presumably get by today's ruling, the net effect almost invariably is confined to *where* the case will be tried.

Technically a holding that the long arm is not that long terminates that "litigation". But practically this is only temporary as the case is soon refiled in a distant forum—a factor which does have a marked bearing on advancing the termination of the "litigation" in the broad terms of the underlying controversy.

tion there. Nothing in the legislative history[5] requires any such artificial result. Likewise, mandamus or prohibition is singularly inappropriate to determine the correctness of a controlling question of law 'as to which there is substantial ground for difference of opinion.' These extraordinary writs are generally directed toward situations so bold and plain that the trial Judge's actions are examined in the light of the presence or lack of an abuse of discretion. Merely to decide a question of law incorrectly is certainly not an abuse of discretion. And yet the District Judge's refusal to certify this substantial and controlling question of law puts the Appellate Court in the position of either acquiescing in a useless trial and later appeal or the equally dubious position of saying that the trial Court's error is so gross that it amounts to an abuse of discretion. On this latter aspect, no one could say Judge Ainsworth was that wrong considering the likelihood that the Supreme Court does not itself know exactly what it meant to hold or now holds under Jane Smith.

"While we think that certification would have been appropriate and following our prior practice we might now invite the parties to resubmit it for such certification, see In Re Humble Oil & Refining Co., 5 Cir., 1962, 306 F.2d 567, we think that in the interest of expediting the disposition of the case on its merits, we should not do so here. At the same time we decline to consider finally whether the peremptory writs of mandamus or prohibition should be entered."

I think it is regrettable that we undertake to fix rigid classes of cases which are beyond the reach of § 1292(b). Our prior cases show the great utility of this device which is so flexible. I am positive that Judge Godbold sounds for all of the members of the full Court the concern that we have been too lax in allowing § 1292(b) appeals. We have of late, after argument, vacated such orders in a number of cases where we felt the allowance was improvidently granted.[5] But the protection against such a practice is not to needlessly encumber a flexible apparatus. Rather it is for each of us to exercise great restraint so that only cases of any or every character which meet the controlling issue test as outlined here may be taken on interlocutory appeal. Indeed this is the answer to the criticism that our prior practice is too ad hoc. How much more ad hoc could Congress make it than by requiring (a) certificate by the trial Judge and (b) allowance by the Court of Appeals with each applying the broad standards of "controlling" with modifiers (i) and (ii)?

Section 1292(b) has worked well for us. We have taken a position much more adaptable, less rigid than other Circuits. Where it has not worked well it has been due to our own action in allowing an appeal. We can correct that by the sort of self-discipline which is the hallmark of Judges. We do not need to fashion a rule that, while freeing us from the travail of our calling, unnecessarily ties our hands in a specific type of case to thus begin a construction of the statute which will become more and more technical.[6]

5. See, e. g., Spurlin v. General Motors, 5 Cir., 1970, 426 F.2d 294.

6. The Court speaks in terms of vacating the allowance of appeal as "improvident-ly granted". Were this not tied to the holding that § 1292(b) is not available for "discretionary" 1404(a) transfers, I would readily join in such dispositions. See note 3, *supra*.