**Betty Mae BLANKENSHIP, Plaintiff**

v.

**ALLIS–CHALMERS CORPORATION, Defendant.**

No. DC 77–128–S.

United States District Court,
N. D. Mississippi,
Delta Division.

Sept. 15, 1978.

Charles M. Merkel, Holcomb, Dunbar, Connell, Merkel, Tollison & Khayat, Clarksdale, Miss., for plaintiff.

James E. Upshaw, Upshaw, Dale, Dorizas & Calhoun, Greenwood, Miss., for defendant.

MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This case is before the court for consideration of plaintiff's motion for reconsideration of order transferring this case.

Defendant filed a motion to transfer this case pursuant to 28 U.S.C. § 1404(a). After receiving memoranda from the parties, a hearing was held. Following the hearing, the court requested that additional papers and supplemental memoranda be submitted and the motion was taken under advisement.

On June 30, 1978, the court entered a Memorandum of Decision and Order sustaining the motion to transfer and transferring the case to the United States District Court for the Western District of Tennessee, Eastern Division, Jackson, Tennessee. The order of June 30, 1978 provided in part:

That the clerk of this court shall forthwith transfer and transmit the pleadings, papers, and documents existing in the case sub judice to the clerk of the said transferee court.

On July 5, 1978, the clerk of this court filed the June 30, 1978, order and mailed the file of this case to the transferee court. This court has been orally informed that the clerk in Tennessee received the file on July 7, 1978, and docketed the case on that date as Civil Action No. 78–1046.

On July 14, 1978, plaintiff's motion for reconsideration was filed in this court. Plaintiff did not seek a stay of the transfer order. Since the clerk of this court had transferred the file of this case to the transferee court, this court questioned whether it had jurisdiction to hear the motion and on July 17, 1978, the court entered an order requiring the parties to submit memoranda on the jurisdictional question. The memoranda have been received and considered by the court and the motion is ready for decision.

The court finds that the jurisdictional question is governed by In re Southwestern

Mobile Homes, Inc., 317 F.2d 65 (5th Cir. 1963). In that case Southwestern Mobile Homes, Inc., (Southwestern) asked the Fifth Circuit "for leave to file a petition for mandamus to require Honorable Joe E. Estes, District Judge, Northern District of Texas to vacate his order transferring Civil Action No. 9241, pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Colorado." 317 F.2d at 66 (footnote omitted). Judge Estes had heard the motion to transfer on March 15, 1963, and told the parties on that date that the case would be transferred. The transfer order was entered on March 18, 1963, and the papers were received and docketed by the transferee court on March 20, 1963. On March 22, 1963, Southwestern filed the motion for leave to file a petition for mandamus.

After noting that Southwestern had not "seasonably moved for a stay within which to seek review either by mandamus or by appeal under 28 U.S.C.A. § 1292(b)," [1] the Court of Appeals stated:

Thus, when the petitioner's motion for leave was filed in this Court, the transfer was complete and the District Court for the Northern District of Texas had already lost jurisdiction. It is extremely doubtful whether this Court now has the power to compel the District Judge to vacate his order transferring the action.

1. Since the In re Southwestern Mobile Homes, Inc. ruling, the Fifth Circuit has ruled that a 1292(b) appeal is not available to review a district judge's exercise of his discretion under 28 U.S.C. § 1404(a). In Garner v. Wolfinbarger, 433 F.2d 117 (5th Cir. 1970), the court held:

We are of the view that § 1292(b) review is inappropriate for challenges to a judge's discretion in granting or denying transfers under § 1404(a). The Congressional policy against piecemeal appeals, as expressed in the final judgment rule, 28 U.S.C. § 1291, to which § 1292(b) is a narrow exception, is eroded by permitting review of exercise of the judge's discretion under § 1404(a) as a "controlling question of law."

433 F.2d at 120: see 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3855 at 306 (1976).

In Ex parte Charles Pfizer & Co. 225 F.2d 720 (5th Cir. 1955), the court enunciated the rule in

this circuit on the use of a writ of mandamus to review an order denying or granting a motion to transfer.

It is our opinion that, in the absence of a failure of the District Court to correctly construe and apply [28 U.S.C. § 1404(a)], or to consider the relevant factors incident to ruling upon a motion to transfer, or unless it is necessary to correct a clear abuse of discretion, a Court of Appeals should not entertain motions for Writs of Mandamus to direct District Courts to enter or vacate orders of transfer under § 1404(a).

225 F.2d at 723, followed in Ex parte Blaski, 245 F.2d 737, 738 (5th Cir. 1957), in Ex parte Pharma-Craft Corp., 236 F.2d 911, 912 (5th Cir. 1956), and in In re First National Bank of Montgomery, 233 F.2d 876 (5th Cir. 1956); see 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3855 at 314 (1976).

*Drabik v. Murphy*, 2 Cir. 1957, 246 F.2d 408, distinguished in *A. C. Nielsen Co. v. Hoffman*, 7 Cir. 1959, 270 F.2d 693, 695. 317 F.2d at 66.

■ Under the facts of this case and on the basis of the ruling in *In re Southwestern Mobile Homes, Inc., supra,* this court finds that it lost jurisdiction over this case on July 7, 1978, the date the papers in this case were filed in the transferee court.[2] *See Starnes v. McGuire*, 168 U.S.App.D.C. 4, 10–11, 512 F.2d 918, 924–925 (1974) (en banc); *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957).

Plaintiff notes that under Fed.R.App.P. 4(a)[3] a motion timely filed pursuant to Fed.R.Civ.P. 59(e)[4] has the effect of suspending the time for filing a notice of appeal. Plaintiff argues that her motion for reconsideration is a Rule 59(e) motion and since the motion was filed within 10 days of the date the clerk filed the transfer order, it was timely filed and should render ineffective the transfer of the papers by the clerk. Plaintiff argues further that since the

2. In its research, the court has found one decision holding that where the petition for writ of mandamus was received by the Court of Appeals for the circuit of the transferor district court, on the same day as the papers were filed in the transferee district court, the court of appeals had jurisdiction to hear the petition. *A. C. Nielsen Co. v. Hoffman*, 270 F.2d 693, 695 (7th Cir. 1959); *accord, Starnes v. McGuire*, 168 U.S.App.D.C. 4, 10 n.6, 512 F.2d 918, 924 n.6 (1974) (en banc).

In *Farrell v. Wyatt*, 408 F.2d 662 (2d Cir. 1969) the court had before it a petition of mandamus or prohibition seeking to vacate two orders by the United States District Court for the Southern District of New York transferring a case to the United States District Court for the Western District of North Carolina. The facts showed that the petition had not been filed until after the papers had been transferred to the District Court in North Carolina. The Second Circuit, the court of appeals for the transferor district court, distinguished the case, which questioned the authority or power of a district court to transfer a case, from a case which questioned the exercise by a district court of its discretionary authority to transfer, and found that it had jurisdiction to hear the petition even though the papers had been transferred.

[T]he question here is whether the district court had power to order the transfer; when that is the issue, we reject the argument of the United States that the clerk's physical transfer of the file destroyed our jurisdiction. As we said in *Foster-Milburn Co. v. Knight*, 181 F.2d 949, 951 (2d Cir. 1950), if the district court had no power to transfer, "the transfer will be a nullity," the transferee court "will have no jurisdiction . . . , and any judgment it may enter will be void." The contrary intimations of lack of jurisdiction in *Drabik [v. Murphy*, 246 F.2d 408 (2d Cir. 1957)] and *Magnetic Engineering and Manufacturing Co. v. Dings Manufacturing Co.*, 178 F.2d 866 (2d Cir. 1950), were expressed in the context of a claimed abuse of discretion.

408 F.2d at 664; *see Starnes v. McGuire*, 168 U.S.App.D.C. 4, 10 n.6, 512 F.2d 918, 924 n.6 (1974) (en banc).

The court has not found any reported decision by the Fifth Circuit discussing the ruling in *A. C. Nielsen v. Hoffman*, 270 F.2d 693 (7th Cir. 1959) or the ruling in *Farrell v. Wyatt*, 408 F.2d 662 (2d Cir. 1969). However, since the facts in this case do not come within either the *A. C. Nielsen v. Hoffman* or the *Farrell v. Wyatt* ruling, this court need not decide whether it would follow these decisions. The plaintiff in this case filed the motion for reconsideration on July 14, 1978, 7 days after the papers for this case were filed in the transferee court and therefore the ruling in *A. C. Nielsen v. Hoffman* is not applicable. Plaintiff's motion for reconsideration questions the court's exercise of its discretion in transferring the case to Tennessee, not the authority of the court in ordering the transfer, and for that reason the ruling in *Farrell v. Wyatt* does not apply.

3. Fed.R.App. P.4(a) provides in part:

(a) Appeals in Civil Cases. In a civil case . . . in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days of the date of the entry of the judgment or order appealed from; . . . .

The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the district court by any party pursuant to the Federal Rules of Civil Procedure hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: . . . (3) granting or denying a motion under Rule 59 to alter or amend the judgment; . . . .

4. Fed.R.Civ.P. 59(e) provides:

(e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

**40**

transfer of the papers to the Tennessee court is rendered ineffective by the timely filing of her motion for reconsideration, this court retains jurisdiction of the case and may hear the motion for reconsideration.

 "[A]n order made pursuant to § 1404(a) transferring a cause to another District Court [is] interlocutory and not appealable." *Charles Pfizer & Co. v. Olin Mathieson Chemical Corp.* 225 F.2d 718, 719 (5th Cir. 1955); *accord, Wallace v. Norman Industries, Inc.,* 467 F.2d 824, 826 & n.2 (5th Cir. 1972); *see* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3855 at 301 (1976). A motion made pursuant to Fed.R.Civ.P. 59(e) seeks the alteration or amendment of a judgment, i. e., an appealable order, while Fed.R.App.P. 4(a) provides that the filing of a Rule 59(e) motion suspends the time for filing a notice of appeal in those civil cases "in which an appeal is permitted by law as of right from a district court to a court of appeals." Neither rule refers to interlocutory orders in general or specifically to orders transferring a case under 28 U.S.C. § 1404(a). Plaintiff cites no authority to support her argument that her motion for reconsideration is analogous to a motion to alter or amend a judgment and that the filing of her motion for reconsideration automatically stays a transfer order or nullifies a transfer made by the clerk during the 10-day period when a Rule 59(e) motion may be filed. The court finds that the plaintiff's argument is without merit. *See Drabik v. Murphy,* 246 F.2d 408, 409 (2d Cir. 1957).[5]

Plaintiff refers to the practice by some courts of automatically staying a transfer order to allow the party opposing the transfer an opportunity to seek reconsideration and/or appellate review of the transfer or-

der. *E. g., Starnes v. McGuire,* 168 U.S. App.D.C. 4, 10, 21, 512 F.2d 918, 924, 935 (1974) (en banc); *Farrell v. Wyatt,* 408 F.2d 662, 664 & n.3 (2d Cir. 1969); *Technitrol, Inc. v. McManus,* 405 F.2d 84, 86 (8th Cir. 1968); *Swindell-Dressler Corp. v. Dumbauld,* 308 F.2d 267, 274 n.11 (3rd Cir. 1962). Regardless of the desirability of such a practice, this district does not have a local rule automatically staying the transfer of a case nor is it the practice of the clerk of the court to wait a certain number of days before mailing the papers to the transferee court. The transfer order directed the clerk to "forthwith transfer" the pleadings to the transferee court and since plaintiff did not seek a stay of the transfer order, the clerk complied with that order.

An appropriate order will be entered.

---

5. The facts in *Drabik v. Murphy, supra,* are similar to those in this case. In *Drabik* the United States District Court for the Southern District of New York entered an order on April 10, transferring the case to the United States District Court for the Eastern District of Louisiana. The clerk of the District Court in New York filed the transfer order on April 10, and on April 15, mailed the papers to the clerk of the District Court in Louisiana who received them on April 18.

On [April] 17th the plaintiff, without applying for any stay, served upon the defendant a notice of motion for reargument, returnable on April 26, eight days after the papers had been lodged in the office of the clerk of the District Court for the Eastern District of Louisiana. Thus, when the motion came on to be heard the District Court for the Southern District of New York had already lost all jurisdiction over the action because the transfer was then complete. 246 F.2d at 409.