### Alfred R. COLEMAN

v.

### MOBIL OIL CORPORATION.

### Civ. A. No. B–85–750–CA.

United States District Court, E.D. Texas, Beaumont Division.

Sept. 23, 1986.

Gilbert T. Adams, Jr., Beaumont, Tex., for plaintiff.

Lipscomb Norvell, Jr., Benckenstein, Norvell, Bernsen & Nathan, Beaumont, Tex., and John Sims, Sims, Kidd, Hubbert & Nelson, Lubbock, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

This matter is before the court on plaintiff's motion to reconsider its previous action in transferring this suit to the United States District Court, Northern District of Texas, Amarillo Division.

Plaintiff, Alfred R. Coleman, alleges he was injured on August 30, 1983, in Hereford, Deaf Smith County, Texas, when he was unloading a truck containing barrels of petroleum products which had been loaded by defendant at its facility in Jefferson County, Texas, which is in the Eastern District of Texas. Plaintiff did not load or help load the truck, did not drive it to Hereford, Texas, nor have any other contact with it until the journey to Hereford, Texas, was complete. Coleman, during unloading the truck with employees of Brazos Transport Company, allegedly slipped on some substance on the truck bed and sustained the injury complained of.

Coleman was treated by numerous doctors and other health care personnel, all but one of whom reside and practice in the Northern District of Texas.

Coleman employed attorneys who reside and practice in Beaumont, Texas, and suit against Mobil was filed in the Beaumont Division of the Eastern District of Texas, some 680 miles from Amarillo, in the Northern District of Texas. Hereford, Texas, is in Deaf Smith County and that county is in the Amarillo Division of the Northern District of Texas.

Defendant Mobil answered timely and filed a motion to transfer on the basis of forum non conviens, without attaching any exhibits, affidavit, lists of witnesses, or any other factual matters. It was conclusory only, and the court denied the motion on August 15, 1985.

After pretrial conference in October, 1985, the case was set for trial, and a discovery schedule was established. Defendant Mobil brought in Brazos Transport Company of Lubbock, Texas, as a third party defendant. Lubbock is also in the Northern District of Texas. The plaintiff's attorney was notified on October 22, 1985, that the trial would be held on April 7, 1986. Plaintiff's attorneys filed a list of witnesses on April 2, 1986, after defendant Mobil had re-urged its motion to transfer under 28 U.S.C. § 1404(a).

On March 16, 1986, defendant filed a motion to reconsider the court's action in denying its prior motion to transfer. Unlike the initial motion, this time the defendant presented various substantial factual bases for the granting of its renewed motion. That motion was granted, the case was actually transferred, and the Clerk's office in the Eastern District of Texas forwarded its entire file to the United States District Clerk, Northern District of Texas, on April 11, 1986. Plaintiff's counsel requested oral argument on his motion to reconsider the granting of that order, and such request was granted. This memorandum reflects the court's reasons for its refusal to set aside the order of transfer.

The accident in which plaintiff was injured occurred in Hereford, Texas, which is in Deaf Smith County, in the Northern District of Texas, Amarillo Division. Brazos Transport, third party defendant, car-

ried the load of barrels of petroleum products to Kerr Oil Company in Hereford, Texas. The plaintiff, in his belated proposed pre-trial order, tendered five days before trial, listed the following witnesses:

Alfred Coleman, Abilene, Texas (plaintiff)

Cliff Kerr, Hereford, Texas (lay witness)

Brian Kerr, Hereford, Texas (lay witness)

Kenneth A. Thornburg, College Station, Texas (expert witness)

Ed Zakrzewski, Lorton, Virginia (trucking expert)

Dr. W.R. Hargrove, Beaumont, Texas (vocational expert)

Dr. Everett G. Dillman, El Paso, Texas. (economist)

Thus, the plaintiff listed only one prospective witness from the Beaumont Division of Eastern District of Texas. He, along with the expert witnesses, had been employed by plaintiff's counsel. The only other substantial connection with Beaumont, Texas, is that is the location of plaintiff's counsel's office.

Third party defendant, which also sought a 1404(a) transfer, listed the following witnesses:

Floyd Wolf, Rotan, Texas (lay witness)

L.B. Little, Nederland, Texas (lay witness)

Defendant filed its portion of the proposed pretrial order, and listed the following witnesses which it had set forth in its renewed motion to transfer:

Pete Martinez, Beaumont, Texas (lay witness)

S.J. Giannini, Dallas, Texas (lay witness)

Lowell E. Caddell, Lubbock, Texas (lay witness)

W.P. Flaherty, Dallas, Texas. (lay witness)

Brazos Transport representative, Lubbock, Texas

Cliff Kerr, Hereford, Texas (lay witness)

Brian Kerr, Hereford, Texas (lay witness)

R.W. Guthrie, Houston, Texas (lay witness)

Haven Rolander, Houston, Texas (lay witness)

Division Manager of Mobil Oil, Dallas, Texas

Nicholas Lanotte, Lubbock, Texas (lay witness)

Dr. Bennie LeBleu, Rotan, Texas

Dr. Mervyn B. Fouse, Abilene, Texas

Dr. Joe Bray, Abilene, Texas

Dr. Gary C. Hassman, Temple, Texas

Dr. Ruben Brochner, Abilene, Texas

Dr. James Casey, Abilene, Texas

Dr. Ta Van Nguyen, Abilene, Texas

Dr. Toby Williams, Abilene, Texas

Dr. Fox, Abilene, Texas

Dr. Carlton Hodges, Abilene, Texas

Floyd Wolf, Rotan, Texas (lay witness)

L.B. Little, Nederland, Texas (lay witness)

Alfred R. Coleman, Adverse Witness (plaintiff)

Dr. Jack McNeill, Beaumont, Texas (expert)

Defendant requested an independent medical examination by Dr. Jack G. McNeill after its first motion to transfer was denied and it then appeared the case would be tried in Beaumont. All other treating doctors and health care personnel reside outside of this District.

Upon weighing the factors set forth in 28 U.S.C., 1404(a), as discussed in *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955), this court is of the opinion that the convenience of the parties, the convenience of the witnesses, and the interests of justice would best be served if this court exercised its discretion under 28 U.S.C. § 1404(a), and transferred this action to the Northern District of Texas, Amarillo Division, which is where plaintiff lives, the accident occurred, and the overwhelming majority of lay and expert witnesses reside in the Northern District.

The court has set forth the detailed reasons for granting the motion to transfer, although such is not required for this decision. The transfer has been made, the Clerk has forwarded the papers in this case

to the Northern District of Texas, and no stay was sought, this court denies the motion for reconsideration, basing its opinion on the following principles.

Unfortunately, neither party has favored the court with cases citing or discussing the controlling case law on the subject as to whether this court has jurisdiction to entertain the plaintiff's motion to reconsider.

In *Starnes v. McGuire*, 512 F.2d 918 (D.C.Cir.1974), the court, *en banc*, held:

> Although it is well established that a transferee court cannot directly review the transfer order itself, *Illinois Tool Works v. Sweetheart Plastics*, 436 F.2d 1180 (7th Cir.), cert. dismissed 403 U.S. 942, 91 S.Ct. 2270, 29 L.Ed.2d 722 (1971), *Purex Corp. v. St. Louis Nat'l Stockyards*, 374 F.2d 998 (7th Cir.), *cert. denied*, 389 U.S. 824, 88 S.Ct. 59, 19 L.Ed.2d 77 (1967); *Preston Corp. v. Raese*, 335 F.2d 827 (4th Cir.1964); *In re Southwestern Mobile Homes, Inc.*, 317 F.2d 65 (5th Cir.1963), *it is equally clear that physical transfer of the original papers in a case to a permissible transferee forum deprives the transferor circuit of jurisdiction to review the transfer. Farrell v. Wyatt*, 408 F.2d 662, 664 (2d Cir.), *motion for leave to file petition for writ of mandamus denied*, 396 U.S. 810, 90 S.Ct. 145, 24 L.Ed.2d 122 (1969); *In re Southwestern Mobile Homes, supra; Drabik v. Murphy*, 246 F.2d 408 (2d Cir.1957); *cf. A.C. Nielsen Co. v. Hoffman*, 270 F.2d 693 (7th Cir.1959). (emphasis added)

In *Drabik v. Murphy*, 246 F.2d 408 (2d Cir.1957), the court held:

> This order was filed on April 11 in the office of the clerk of the Southern District of New York, who in compliance with the order mailed the papers to the clerk of the Eastern District of Louisiana on April 15th, where they arrived on April 18th. On the 17th the plaintiff, without applying for any stay, served upon the defendant a notice of motion for reargument, returnable on April 26, eight days after the papers had been lodged in the office of the clerk of the District Court for the Eastern District of Louisiana. *Thus, when that motion came on to be heard the District Court for the Southern District of New York had already lost all jurisdiction over the action because the transfer was then complete.* (emphasis added)

*See also, Koehring Co. v. Hyde*, 382 U.S. 362, 86 S.Ct. 522, 15 L.Ed.2d 416 (1966); and *In re Cragar Industries, Inc.*, 706 F.2d 503 (5th Cir.1983), which sets forth the law of this Circuit.[1]

Being convinced that the original order of transfer under 28 U.S.C. 1404(a) was correct in view of all of the attendant circumstances, and there was no abuse of discretion, and further being convinced this court lacks jurisdiction to set aside the transfer order long after files have been transferred to the Northern District of Texas, Amarillo Division, the motion to reconsider is denied.

Plaintiff can seek mandamus as set forth in *Garner v. Wolfinbarger*, 433 F.2d 117 (5th Cir.1977), where it is stated:

> This Circuit has recognized the availability of mandamus as a limited means to test the district courts' discretion in issuing transfer orders.

but it is this court's holding that it no longer has the jurisdiction to set aside the transfer order, even if it were the court's desire to do so.

Accordingly, plaintiff's motion to reconsider the court's previous action in transferring this cause to the Northern District of Texas is DENIED.

---

1. *See also, Technitrol, Inc. v. McManus*, 405 F.2d 84 (8th Cir.1968); *In re McDonnell-Douglas Corp.*, 647 F.2d 515, 517 (5th Cir.1981).