**Robert Fred LANDS**

v.

**ST. LOUIS SOUTHWESTERN RAILROAD COMPANY, the Cotten Belt, and Southern Pacific Transportation Company.**

**Civ. A. No. B–86–225–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 10, 1986.

Arthur L. Schechter, Schechter, Eisenman & Solar, Houston, Tex., for plaintiff.

Daniel V. Flatten, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

The plaintiff in the case before this court has moved to reconsider the order transferring this cause to the United States District Court for the Northern District of Texas, Amarillo Division. As the transfering court, it is held the transfer in this case was proper, and further, that this court lacks jurisdiction to reconsider the transfer.

## I. FACTS

Plaintiff, Robert Fred Lands, sustained injuries while working for the defendants at Conlen, Dalham County, Texas, on December 21, 1983. He was treated for these injuries at hospitals in Dalhart, Texas, and Amarillo, Texas. Upon his release, from the hospital and after he had employed his attorney to represent him (but before suit was filed), plaintiff moved to Beaumont, Texas, where he continued to receive treatment. It was suggested that the move may have been prompted for venue purposes in a suit to be filed seeking damages sustained in of the accident. Whether or not such is true, it is discounted and this motion is considered on the basis set out below.

In any event, on February 26, 1986, plaintiff filed the present FELA action in the United States District Court for the Eastern District of Texas, Beaumont Division, seeking recovery of damages for his injuries while in the defendant's employ.

Defendants answered timely, and filed motions to transfer venue on the basis of forum non conveniens. 28 U.S.C. § 1404(a). Because there was sufficient factual basis for the transfer, the motion was granted on July 31, 1986, the case was transferred, and the clerk's office in the

Eastern District of Texas forwarded its entire file on August 2, 1986, to the United States District Court, Northern District of Texas, Amarillo Division. Plaintiff's counsel filed a motion to reconsider transfer on August 8, 1986, and requested a hearing on the matter, which hearing was granted. This memorandum reflects the court's reasons for its refusal to set aside the order of transfer.

## II. PROPRIETY OF TRANSFER

The accident in which plaintiff was injured occurred in Conlen, Dalham County, Texas, which is within the Northern District of Texas, Amarillo Division. At the time of the accident, and at all times material to this suit (prior to his move to Beaumont, Texas), plaintiff resided in Dalhart, Texas, which is also within the Amarillo Division.

Plaintiff was treated by numerous physicians and other health care personnel who reside in the Amarillo Division. Specifically, defendants list as expert witnesses:

Dr. John Cunningham, Coons Memorial Hospital, Dalhart, Texas

Dr. Douglas W. Hyde, Northwest Texas, Dalhart, Texas

Furthermore, defendants listed the following factual witnesses, who either reside in, or are amenable to subpoena to the Amarillo Division:

LeRoy Williams, Dalhart, Texas

R.A. Corona, Dalhart, Texas

J.C. Copper, Dalhart, Texas

In plaintiff's response to defendant's motion to transfer, plaintiff asserted the following reasons for denial of transfer:

1. The plaintiff is now a resident of Beaumont, Texas.

2. Defendants are doing business within the Eastern District of Texas, as well as the Northern District of Texas.

3. W.R. Whitaker, a liability witness, resides in the Eastern District of Texas, although not in the Beaumont Division.

4. Plaintiff's present treating physicians, Dr. Zoran Cupic, and Dr. Roy Culver,

reside in Houston, Texas, and Port Arthur, Texas, respectively, and are within subpoena range of the Eastern District of Texas.

5. Plaintiff's rehabilitation specialist, Viola Lopez, resides in Houston, and is within subpoena range of the Eastern District of Texas.

6. Plaintiff's wife resides in the Eastern District of Texas.

Dr. Cupic, Dr. Culver and Lopez, the rehabilitation specialist, saw the plaintiff for diagnosis and treatment on the recommendation of plaintiff's counsel, who arranged the appointments for plaintiff to be seen by them.

This court concedes that general deference is given to plaintiff's choice of forum; however this deference is subject to the well-established principles of convenience of the parties and witnesses as codified in 28 U.S.C. 1404(a), which provides:

For the convenience of the parties and witnesses, in the interest of justice, a District Court may transfer any civil action to any other District or Division where it might have been brought.

It is uncontroverted that this action might have been brought in the Northern District, Amarillo Division, since plaintiff's cause of action arose in that District, and since the defendants were doing business there.

■ Upon weighing the factors set forth above, this court is of the opinion that the convenience of the parties, the convenience of the witnesses, and the interests of justice were best served by the transfer to the Northern District of Texas, Amarillo Division. A substantial number of lay and expert witnesses reside there, and a substantial amount of essential evidence can be elicited there.

Plaintiff's recent change of residence to Beaumont in the Eastern District of Texas does not change this result. *Findeaile v. Chesapeake & Ohio Ry. Co.,* 159 F.Supp. 629 (E.D.N.Y.1958). In *Andino v. The S/S Claiborne,* 148 F.Supp. 701 (S.D.N.Y.1957), the plaintiff was a resident of Puerto Rico at the time of his injuries, and later

changed his residence to New York City, where he filed suit. Upon defendant's motion to transfer venue, the court ordered the case transferred to Puerto Rico with strong criticism of plaintiff's attempt to confer venue by moving to New York City:

> [L]ibelant urges that he has the choice of forum and, since he is presently a resident of New York City, the scale should therefore be tipped against transfer. I do not agree. I am mindful that libelant's privilege to choose his forum is a substantial factor in his favor, and should not lightly be disturbed ... nevertheless, it is by no means the only factor to be considered. The court must weigh the convenience of the parties, the witnesses and the court in the light of established criteria. Libelant's choice of forum, and his personal convenience, are merely factors to be taken into account in arriving at such a balance. Where the other factors involved indicate that the balance of convenience is heavily in favor of transfer, they will outweigh both libelant's privilege to choose his forum and his personal convenience ... In the case at bar, the relevant factors turn the balance heavily toward a transfer.
>
> Moreover, though libelant had the undoubted right to change his residence from Puerto Rico to New York City at any time, *he cannot well insist on a trial here merely because he elected to move to an advantageous forum subsequent both to the accident and to his commencement of the action. His unexplained move to New York City at this late juncture does not tend to negative indications that he has indulged in the "shopping for a forum" which Section 1404(a) was, in part at least, designed to overcome.* (emphasis added)

*Andino,* 148 F.Supp. at 703; *Ayala v. A.H. Bull S.S. Co.,* 148 F.Supp. 703 (S.D.N.Y. 1957).

■ In the instant case, plaintiff's residence is unrelated to the conduct complained of, and as such, is not entitled to significant weight, since plaintiff's forum has little connection with the matter in controversy. *Coons v. The American Horse Show Association, Inc.,* 533 F.Supp. 398 (S.D.Tex.1982); *Bridgeman v. Bradshaw,* 405 F.Supp. 1004 (D.S.C.1975). Thus, in the exercise of this court's discretion, transfer was proper.

### III. JURISDICTION

This court has set forth the reasons for granting the motion to transfer, although such may not be required for this decision. The transfer has been made, the clerk has forwarded the file to the Northern District of Texas and no stay was sought; thus, this court denies the motion for reconsideration, basing its opinion on the following principles.

In *Coleman v. Mobil Oil Corp.,* 643 F.Supp. 1104 (E.D.Tex.1986), this court noted that in *Starnes v. McGuire,* 512 F.2d 918 (D.C.Cir.1974), the court, *en banc,* held:

> Although it is well established that a transferee court cannot directly review the transfer order itself, *Illinois Tool Works v. Sweetheart Plastics,* 436 F.2d 1180 (7th Cir.), cert. dismissed 403 U.S. 942, 91 S.Ct. 2270, 29 L.Ed.2d 722 (1971), *Purex Corp. v. St. Louis Nat'l Stockyards,* 374 F.2d 998 (7th Cir.), cert. denied, 389 U.S. 824, 88 S.Ct. 59, 19 L.Ed.2d 77 (1967); *Preston Corp. v. Raese,* 335 F.2d 827 (4th Cir.1964); *In re Southwestern Mobile Homes, Inc.,* 317 F.2d 65 (5th Cir.1963), *it is equally clear that physical transfer of the original papers in a case to a permissible transferee forum deprives the transferor circuit of jurisdiction to review the transfer. Farrell v. Wyatt,* 408 F.2d 662, 664 (2d Cir.), motion for leave to file petition for writ of mandamus denied, 396 U.S. 810, 90 S.Ct. 145, 24 L.Ed.2d 122 (1969); *In re Southwestern Mobile Homes, supra; Drabik v. Murphy,* 246 F.2d 408 (2d Cir. 1957); *cf. A.C. Nielsen Co. v. Hoffman,* 270 F.2d 693 (7th Cir.1959). (emphasis added)

In *Drabnik v. Murphy,* 246 F.2d 408 (2d Cir.1957), the court held:

> This order was filed on April 11 in the office of the clerk of the Southern Dis-

trict of New York, who in compliance with the order mailed the papers to the clerk of the Eastern District of Louisiana on April 15th, where they arrived on April 18th. On the 17th the plaintiff, without applying for any stay, served upon the defendant a notice of motion for reargument, returnable on April 26, eight days after the papers had been lodged in the office of the clerk of the District Court for the Eastern District of Louisiana. *Thus, when that motion came on to be heard the District Court for the Southern District of New York had already lost all jurisdiction over the action because the transfer was then complete.* (emphasis added)

*See also, Koehring Co. v. Hyde*, 382 U.S. 362, 86 S.Ct. 522, 15 L.Ed.2d 416 (1966); and *In re Cragar Industries, Inc.*, 706 F.2d 503 (5th Cir.1983), which sets forth the law of this Circuit.[1]

■ Being convinced that the original order of transfer under 28 U.S.C. 1404(a) was correct in view of all of the attendant circumstances, and there was no abuse of discretion, and further being convinced this court lacks jurisdiction to set aside the transfer order long after files have been transferred to the Northern District of Texas, Amarillo Division, the motion to reconsider is denied.

Plaintiff can seek mandamus as set forth in *Garner v. Wolfinbarger*, 433 F.2d 117 (5th Cir.1977), where it is stated:

This Circuit has recognized the availability of mandamus as a limited means to test the district courts' discretion in issuing transfer orders.

But it is this court's holding that it no longer has the jurisdiction to set aside the transfer order, even if it were the court's desire to do so.

Accordingly, plaintiff's motion to reconsider the court's previous action in transferring this cause to the Northern District of Texas is DENIED.

---

1. *See also, Technitrol, Inc. v. McManus*, 405 F.2d 84 (8th Cir.1968); *In re McDonnell-Douglas Corp.*, 647 F.2d 515 (5th Cir.1981).