**James A. MOREAU et al.,**
**Plaintiffs-Appellees,**

**v.**

**Richard A. TONRY et al.,**
**Defendants-Appellants.**

**No. 76-4230.**

United States Court of Appeals,
Fifth Circuit.

June 9, 1977.

John R. Martzell, New Orleans, La., for Richard A. Tonry.

William J. Guste, Jr., Atty. Gen., Dept. of Justice, Kendall L. Vick, Donald B. Ensenat, Asst. Attys. Gen., Barbara S. Bruckner, Staff Atty., New Orleans, La., for Hardy and Edwards.

Bruce C. Reed, Metairie, La., for First Congressional Dist.

Thomas M. McBride, III, Chalmette, La., for John R. Rowley.

Jerald N. Andry, Gilbert V. Andry, III, Gibson Tucker, Jr., New Orleans, La., for plaintiffs-appellees.

Before GOLDBERG and HILL, Circuit Judges, and KERR,* District Judge.

PER CURIAM:

Appellee James A. Moreau, unsuccessful primary candidate for the 1976 Democratic nomination for the office of United States

---

* Senior District Judge of the District of Wyoming sitting by designation.

Representative from the First Congressional District of Louisiana, brought this civil rights action on behalf of himself and a class, alleging widespread fraud in that primary. Chiefly, appellees sought to nullify that primary and to enjoin the November 1976 general election for that office or to set aside the general election if it took place, pending a new primary.

The district court granted a temporary restraining order blocking the general election. The court simultaneously denied motions to dismiss and, pursuant to 28 U.S.C. § 1292(b), certified the order of denial for interlocutory appeal to allow this court to address the underlying questions. This court stayed the district court's restraining order and granted interlocutory appeal.

Appellant Richard A. Tonry, who was certified by the Louisiana Secretary of State as the victor in the disputed Democratic primary, won the general election in November. Tonry took his seat in the House of Representatives.

On May 4, 1977, Richard Tonry resigned from his office as United States Representative, 123 Cong.Rec. H3982 (daily ed. May 4, 1977). This action rendered moot appellee's chief requests to set aside the Democratic primary and the subsequent general election that had placed Tonry in Congress. Those requests formed the overwhelming bulk of the lawsuit before us. Whatever might be said to remain after those requests are removed, nothing survives of this action for which this court would grant interlocutory appeal.

Accordingly, the order of the district court is vacated and remanded for consideration of the mootness of the entire action or for such further proceedings as may be required. This court expressly relinquishes jurisdiction.

VACATED AND REMANDED.