UNITED STATES of America,
Plaintiff-Appellee,

v.

BEAR MARINE SERVICES, et
al., Defendants,

and

International Matex Tank Terminals,
Inc., et al., Defendants-Appellants.

No. 81–3251.

United States Court of Appeals,
Fifth Circuit.

Jan. 31, 1983.

Mark L. Ross, New Orleans, La., for Intern. Matex Tank Terminals, Inc.

Machale A. Miller, New Orleans, La., for amicus curiae-CTC (Consolidated).

**1118**

Thomas W. Snook, Commandant, U.S. Coast Guard (G–LMJ), Washington, D.C., for plaintiff-appellee.

Before GEE, RUBIN and GARZA, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Courts of appeals have discretionary jurisdiction of appeals from a narrowly-defined class of district court interlocutory orders. *E.g.*, 28 U.S.C. § 1292(b) (1976). Having granted leave to appeal an order denying dismissal of a complaint, we now find that a subsequent decision by this court resolves the major question presented. We also conclude that resolution of the other issues tendered to us would not advance the termination of this litigation. We, therefore, vacate the order granting leave to appeal, and remand the case to the district court.

The United States filed suit against Bear Marine Services (Bear Marine), International Matex Tank Terminals, Inc. (IMTT), and others for the cost of cleaning up an oil spill in the Mississippi River. The complaint alleged that a tug towing an oil-carrying barge laid the tow alongside IMTT's dolphin. When the barge struck the dolphin, a metal beam or object attached to the dolphin punctured one of the barge's oil tanks.

The basis of the government's claim against IMTT is that the spill was caused by its "negligence ... in maintaining an unauthorized obstruction to navigation, namely a metal beam or object attached to a dolphin in violation of 33 U.S.C. 403." IMTT moved to dismiss the complaint against it for failure to state a claim upon which relief could be granted. One basis for this motion was IMTT's assertion that the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251–1376 (1976) (FWPCA), provided the exclusive means for the government to recover the cost of cleaning up oil spills.

The district court denied IMTT's motion. *United States v. Bear Marine Services,* 509 F.Supp. 710 (E.D.La.1980). The court held that the FWPCA had not affected the government's right to proceed under fault-based maritime tort doctrines against non-sole cause, non-discharging third parties. *Id.* at 718–19. The court certified for appeal under 28 U.S.C. § 1292(b), however, its holding that the FWPCA "is not the exclusive means by which the United States may recover oil clean-up costs from 'third parties'." A motions panel of this court granted leave to pursue the interlocutory appeal.

After this appeal had been preliminarily approved, this court decided *United States v. M/V Big Sam,* 681 F.2d 432 (5th Cir. 1982), *on petitions for rehearing and suggestion for rehearing en banc,* 693 F.2d 451 (5th Cir.). *Big Sam* held that the FWPCA does not preclude a fault-based maritime tort action against a sole-cause, non-discharging third party. 681 F.2d at 443–44. Moreover, as IMTT now concedes, the reasoning of *Big Sam* leaves little doubt that such a tort action is also maintainable against a non-sole-cause, non-discharging third party. *See* 681 F.2d at 443. Therefore, if the government establishes that IMTT was negligent, even if it is shown that this was concurrent with the negligence of some other party and that IMTT was not alone at fault, the government may recover from IMTT. The fact that *Big Sam* involved the alleged negligence of a vessel and this case involves the alleged negligence of a dock-owner does not warrant a different result.

Thus, our decision in *Big Sam* resolves the primary issue upon which the interlocutory appeal was granted. The parties, nevertheless, contend that there are still issues we could decide. The United States asks us to decide whether maintenance of an unauthorized obstruction to navigation constitutes a per se violation of the federal common law, noting "expressions at the highest level" that such an action may not exist.[1] IMTT, on the other hand, suggests

---

1. In addition to its maritime tort claim for negligent maintenance of the obstruction and its

that we should decide whether the United States may ever assert a cause of action against IMTT under the FWPCA.

The final judgment rule is the hallmark of federal appellate jurisdiction. "The First Judiciary Act of 1789, 1 Stat. 73, established the general principle that only *final* decisions of the Federal District Courts would be reviewable on appeal." *Carson v. American Brands,* 450 U.S. 79, 83, 101 S.Ct. 993, 996, 67 L.Ed.2d 59, 63 (1981) (emphasis in original). The foundation of the principle codified by 28 U.S.C. § 1291 (1976), which permits appeals of only "final decisions," is the avoidance of piecemeal litigation.[2] The policy that cases are ordinarily to be reviewed only once, and then comprehensively, conserves judicial energy and eliminates the delays, harassment, and costs that would be occasioned by a succession of separate interlocutory appeals.[3]

The Judicial Code, however, authorizes appeals from interlocutory orders in exceptional cases such as those in which the potential shortening of litigation warrants such an extraordinary procedure. One such unusual appeal is permitted when a district judge certifies that the order to be appealed "involves a controlling question of law as to which there is a substantial ground for dif-

ference of opinion" and that immediate appeal will materially advance the end of the litigation. 28 U.S.C. § 1292(b) (1976). Upon receiving this certification, the court of appeals may, in its discretion, permit the appeal. *Id.*

In this circuit, as in many others, a motion for leave to appeal an interlocutory order is first presented to a motions panel. That panel, prior to the filing of briefs on the merits, makes a preliminary decision to allow or refuse the appeal.[4] Thereafter, the case is briefed and assigned to a panel for disposition on the merits.

 The merits panel has the benefit of full briefs and frequently, as in this case, oral argument. It also has the opportunity to consider events that took place after the motions panel preliminarily allowed the appeal. With this perspective, the merits panel may conclude that the initial decision to hear the appeal was, or was later rendered, improvident. If the merits panel reaches that conclusion, it must vacate the earlier order granting leave to appeal and must remand the case to the district court. *See J.C. Trahan Contractor, Inc. v. Sterling,* 335 F.2d 65 (5th Cir.1964) (per curiam); *American Cyanamid Co. v. China Union Lines, Ltd.,* 306 F.2d 135, 155 (5th Cir.1962).[5] The

---

per se federal common law claim, the government now suggests two alternate theories for recovery. First, it suggests that it may have a claim under section 10 of the Rivers and Harbors Act, 33 U.S.C. § 403 (1976). Second, it suggests that it may be possible to amend the complaint after trial to assert a claim under 33 U.S.C. § 1321(g) (1976). The order certified to us concerned only IMTT's exclusivity argument. We do not have jurisdiction over any issues not raised by that order. *See Garner v. Wolfinbarger,* 433 F.2d 117, 120 (5th Cir.1970). The validity of the government's other theories of liability, therefore, is not before us.

**2.** *See United States v. Hollywood Motor Car Co.,* ── U.S. ──, ──, 102 S.Ct. 3081, 3083, 73 L.Ed.2d 754, 756 (1982); *United States v. Nixon,* 418 U.S. 683, 691, 94 S.Ct. 3090, 3099, 41 L.Ed.2d 1039, 1054 (1974); *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 170, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732, 744 (1974).

**3.** *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 373, 101 S.Ct. 669, 673, 66 L.Ed.2d 571, 577 (1981); *Catlin v. United States,* 324 U.S. 229, 234, 65 S.Ct. 631, 634, 89 L.Ed. 911

(1945); *Cobbledick v. United States,* 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 783, 785 (1940).

**4.** *See* United States Court of Appeals for the Fifth Circuit, Internal Operating Procedures ¶ 4(e) (1981). A similar procedure is followed at least in the Third Circuit, *see Link v. Mercedes Benz of North America, Inc.,* 550 F.2d 860, 865 n.1 (3d Cir.1977) (Seitz, C.J., concurring), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1978), and in the Ninth Circuit, *see United States v. 5.96 Acres of Land,* 593 F.2d 884, 887 (9th Cir.1979).

**5.** *Accord United States v. 5.96 Acres of Land,* 593 F.2d 884, 887 (9th Cir.1979); *Nickert v. Puget Sound Tug & Barge Co.,* 480 F.2d 1039 (9th Cir.1973); *United States v. Salter,* 421 F.2d 1393, 1394 (1st Cir.1970); *United States Rubber Co. v. Wright,* 359 F.2d 784, 785 (9th Cir. 1966) (per curiam); *Molybdenum Corp. v. Kasey,* 279 F.2d 216, 217 (9th Cir.1960) (per curiam). *Cf. Garner v. Wolfinbarger,* 433 F.2d 117, 119 (5th Cir.1970) (motions panel granted leave to appeal but expressly reserved for mer-

merits panel may consider events occurring after the motions panel's initial decision. *Moreau v. Tonry,* 554 F.2d 163, 164 (5th Cir.1977) (primary issue in case became moot after motions panel's consideration).[6]

 Prior to our decision in *Big Sam,* it was unclear whether the FWPCA provided the exclusive remedy for the claim against IMTT in the present case. Now, it is clear that the FWPCA does not. Therefore, nothing that we can do will prevent a trial of the negligence claim in this case. At the very least, both parties agree that the complaint states a cause of action against IMTT sounding in fault-based maritime tort.

We decline to address the additional theories of liability. We do not sit to decide moot questions, or to issue advisory opinions. *See New York City Health & Hospitals Corp. v. Blum,* 678 F.2d 392, 397 (2d Cir.1982). The appropriate time to consider these theories is at trial, in the context of the actual proof of the case.

The United States suggests that considerable time of the court and counsel have been invested in considering this appeal. That is no reason for the court to dissipate further energies on the appeal or to decide questions that may prove to be hypothetical. Moreover, it is evident the trial will be short, and nothing we might do is likely to abbreviate it significantly. Action by this court will not, therefore, materially advance the ultimate termination of this litigation. *See* 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice & Procedure § 3930, at 163 (1977).

For these reasons, we VACATE the order granting leave to appeal and REMAND to the district court for further proceedings.

---

its panel final decision on appeal's propriety). *See generally* 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice & Procedure § 3929 (1977).

**6.** Our holding that we are not bound by the motions panel's grant of leave to appeal is consistent with this court's treatment of similar issues arising under 28 U.S.C. § 1291 (1976). We have often held that a motions panel's refusal to dismiss an appeal for lack of a final order under § 1291 does not preclude the merits panel from reconsidering the existence of jurisdiction. *See Commodities Future Trading Comm'n v. Preferred Capital Investment Co.,*

664 F.2d 1316, 1320–21 (5th Cir.1982); *Western Elec. Co. v. Milgo Electronic Corp.,* 568 F.2d 1203, 1206 n.6 (5th Cir.) *cert. denied,* 439 U.S. 895, 99 S.Ct. 255, 58 L.Ed.2d 241 (1978); *EEOC v. International Longshoremen's Ass'n,* 511 F.2d 273, 276 n.5 (5th Cir.), *cert. denied,* 423 U.S. 994, 95 S.Ct. 421, 46 L.Ed.2d 368 (1975); *Austracan (U.S.A.) v. M/V Lemoncore,* 500 F.2d 237, 239 (5th Cir.1974); *Cook v. Eizenman,* 312 F.2d 134, 136 (5th Cir.1963). *But see Branch v. Phillips Petroleum Co.,* 638 F.2d 873, 877 (5th Cir.1981) (motions panel's denial of motion to dismiss under § 1291 binding on merits panel).