PARCEL TANKERS, INC.,
Plaintiff-Appellee,

v.

FORMOSA PLASTICS CORPORATION,
Defendant-Appellant.

No. 84–2566.

United States Court of Appeals,
Fifth Circuit.

July 8, 1985.

---

Sewell & Riggs, John R. Pearson, J. James Cooper, Houston, Tex., for defendant-appellant.

Julian & Seele, William H. Seele, Houston, Tex., for plaintiff-appellee.

Semmes, Bowen & Semmes, David R. Owen, Baltimore, Md., Theodore A. LeGros, Seattle, Wash., for amicus curiae Maritime Law Ass'n of the U.S.

Before GEE, TATE and HIGGINBOTHAM, Circuit Judges.

GEE, Circuit Judge:

This case is before the Court on interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), of the district court's order denying the defendant's motion to dismiss for lack of jurisdiction, 569 F.Supp. 1459. Because we conclude that, in light of the current status of this litigation, permission to appeal the district court's order was improvidently granted, we vacate our order granting leave to appeal, relinquish jurisdiction of the appeal, and remand for further proceedings in the district court.

In May 1981, Parcel Tankers, Inc. (PTI) brought a claim in admiralty against Formosa Plastics Corporation (Formosa) alleging that Formosa had breached a contract to use PTI to transport cargo for Formosa. In conjunction with this complaint, PTI requested that a writ of attachment issue against a cargo owned by Formosa that was then located aboard a vessel docked at the port of Houston. The writ was issued pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the cargo was attached. Formosa later obtained the release of the cargo by posting a $4.2 million bond.

Formosa filed a motion to dismiss the complaint and attachment for lack of jurisdiction on the theory that the district court had obtained jurisdiction only through the Rule B attachment and that the attachment was unconstitutional because Rule B does not provide the due process safeguards outlined in the Supreme Court's cases concerning state creditors' remedies—*Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975). The district court denied the motion but granted Formosa leave to seek interlocutory appeal under 28 U.S.C. § 1292(b), which permits the Court of Appeals, in its discretion, to accept an interlocutory appeal when the district judge is of the opinion that an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...."

The administrative panel that granted Formosa's petition for leave to appeal stated that "[t]he constitutionality of Rule B ... controls the outcome of this litigation and is of general importance to Admiralty litigants." We now harbor serious doubts as to whether the constitutionality of Rule B is controlling in this litigation and as to whether a decision on that question would materially advance the ultimate termination of the litigation.[1] Moreover, because amendments to Rule B are due to take effect in August of this year,[2] we no longer view the constitutionality of Rule B as it is now written as an issue of general importance to admiralty litigants.

The Supreme Court's decision in *Coopers & Lybrand v. Livesay* teaches that the appellant

"has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (CA7 1972). The appellate court

---

1. Even were we to hold Rule B unconstitutional, as Formosa urges, a factual dispute would remain as to whether the district court's in personam jurisdiction over Formosa could be sustained on the basis of Formosa's continuing contacts with the relevant jurisdiction. *See generally Ray v. Edwards*, 725 F.2d 655, 657–58 (11th Cir.1984) (holding question of law not controlling because not determinative of plaintiff's claim). This factual issue is distinct from the collateral legal issue raised on this appeal as to whether the minimum contacts analysis applied to quasi in rem and in rem jurisdiction in *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), applies in admiralty. Thus, even a holding on our part that jurisdiction could not rest on Rule B would not result in dismissal of the suit. At best, it would only vacate the writ of attachment.

Moreover, Formosa is now free to invoke Local Rule 20 in the Southern District of Texas, which took effect in July of 1983, to vacate the attachment if PTI's claim is without sufficient factual basis to sustain it. The availability of that procedure from July 1983 to the present enables Formosa to free its property (now in the form of a bond) and permits us to postpone consideration of the question of the constitutionality of Rule B until after final judgment without any further prejudice to Formosa.

In addition, we doubt whether a decision on the constitutionality of Rule B would materially advance the ultimate termination of the litigation when further proceedings in the district court are stayed pending arbitration in London in which both parties are participating as provided by their contract.

2. The Supreme Court and the Judicial Conference of the United States have approved amendments to Rule B proposed by the Advisory Committee on Civil Rules. If the rules are not rejected by Congress, they will take effect August 1, 1985. *See* Culp, *Charting a New Course: Proposed Amendments to the Supplemental Rules for Admiralty Arrest and Attachment*, 15 J.Mar.L. & Comm. (1984), *reprinted* at 103

F.R.D. 319, 320; 53 U.S.L.W. 1169, 4515, 4517–18 (May 7, 1985). In the text of the Rule that follows excerpted from Culp, *supra* at 352, additions to the Rule are italicized; deletions are struck through with a single line:

**RULE B. ATTACHMENT AND GARNISHMENT: SPECIAL PROVISIONS**
(1) WHEN AVAILABLE; COMPLAINT, AFFIDAVIT, *JUDICIAL AUTHORIZATION*, AND PROCESS. With respect to any admiralty or maritime claim in personam a verified complaint may contain a prayer for process to attach the defendant's goods and chattels, or credits and effects in the hands of garnishees *to be* named in the ~~complaint~~ *process* to the amount sued for, if the defendant shall not be found within the district. Such a complaint shall be accompanied by an affidavit signed by the plaintiff or his attorney that, to the affiant's knowledge, or to the best of his information and belief, the defendant cannot be found within the district. *The verified complaint and affidavit shall be reviewed by the court and, if the conditions set forth in this rule appear to exist, an order so stating and authorizing process of attachment and garnishment shall issue.* ~~When a verified complaint is supported by such an affidavit the clerk shall forthwith issue a summons and process of attachment and garnishment.~~ *Supplemental process enforcing the court's order may be issued by the clerk upon application without further order of the court. If the plaintiff or his attorney certifies that exigent circumstances make review by the court impracticable, the clerk shall issue a summons and process of attachment and garnishment and the plaintiff shall have the burden on a post-attachment hearing under Rule E(4)(f) to show that exigent circumstances existed.* In addition, or in the alternative, the plaintiff may, pursuant to Rule 4(e), invoke the remedies provided by state law for attachment and garnishment or similar seizure of the defendant's property. Except for Rule E(8) these Supplemental Rules do not apply to state remedies so invoked.

may deny the appeal for any reason, including docket congestion.

437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978) (footnote omitted). As we noted in *Gallimore v. Missouri Pacific Railroad Co.*, "[t]he discretion afforded the courts of appeal in reviewing petitions for leave to bring § 1292(b) appeals has been likened to that of the Supreme Court in controlling its certiorari jurisdiction. 16 C. Wright & A. Miller, Federal Practice and Procedure § 3929, at 141 (1977) (citing S.Rep. No. 2434, 85th Cong., 2d Sess. 1958))." 635 F.2d 1165, 1168–69 n. 4 (5th Cir.1981).

When the Court of Appeals determines that it has accepted for interlocutory appeal under 28 U.S.C. § 1292(b) a case that is no longer suitable for such appeal, it may vacate its order accepting appellate jurisdiction, relinquish jurisdiction, and remand the case to the district court. *See United States v. Bear Marine Services,* 696 F.2d 1117 (5th Cir.1983); *Paschall v. Kansas City Star Co.,* 605 F.2d 403 (8th Cir.1979); *Moreau v. Tonry,* 554 F.2d 163 (5th Cir.1977). Disquisition on the question of the constitutionality of Rule B as it is now written would burden the Court without providing a precedent useful to future litigants and probably without materially advancing the ultimate termination of this litigation. Accordingly, we VACATE the order granting leave to appeal and REMAND the case to the district court for further proceedings.