IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30016
_____

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF LOUISIANA,

Plaintiff-Appellee,

versus

CYNTHIA BRIDGES, Etc.; ET AL.,

Defendants,

CYNTHIA BRIDGES, Secretary of the
Louisiana Department of Revenue,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-1614
_____
September 10, 2001

Before KING, Chief Judge, and JOLLY and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

This case came to us from an order of the district court
certifying for interlocutory appeal under 28 U.S.C. § 1292(b) its
order that the plaintiff American Civil Liberties Union Foundation
of Louisiana had standing to bring suit, and declining to abstain

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from deciding the case.  We have reviewed the briefs and relevant record, studied the issues presented, and heard argument from the parties.

Under 28 U.S.C. § 1292(b), a district judge may certify an otherwise interlocutory order for immediate appeal if the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation...."  The appellate court has discretion over whether to permit an appeal from such order.  Id. "'The discretion afforded the courts of appeal in reviewing petitions for leave to bring § 1292(b) appeals has been likened to that of the Supreme Court in controlling its certiorari jurisdiction.'"  Parcel Tankers, Inc. v. Formosa Plastics Corp., 764 F.2d 1153, 1156 (5th Cir. 1985), quoting C. Wright & A. Miller, Federal Practice and Procedure § 3929, at 141 (1977).

If this court determines that it has accepted an interlocutory appeal under 28 U.S.C. § 1292(b) that is not suitable for such an appeal, "it may vacate its order accepting appellate jurisdiction, and remand the case to the district court."  Parcel Tankers, 764 F.2d at 1156, citing United States v. Bear Marine Services, 696 F.2d 1117 (5th Cir. 1983); Paschall v. Kansas City Star Co., 605 F.2d 403 (8th Cir. 1979); Moreau v. Tonry, 554 F.2d 163 (5th Cir. 1977).  On further study, we have determined that the interlocutory

appeal in this case was improvidently granted and that the bases for an interlocutory appeal are not present.

We therefore DISMISS this appeal without prejudice to the issues raised, should they come before this court again after a final appealable order or judgment.

D I S M I S S E D.