HAYNES, Circuit Judge,
concurring and dissenting:
I concur fully in Sections I — III and the judgment consonant therewith. I respectfully dissent from the decision to reach the settlement credit issue in Section IV and the judgment entered with respect to that issue. I conclude, after full consideration of the issues, that leave to hear an interlocutory appeal on that question was improvidently granted such that the portion of the prior order allowing leave to appeal that question should be vacated.
I begin by addressing the procedural issue of whether we can vacate the order of the prior panel in this case, and I conclude that we can. United States v. Bear Marine Svcs., 696 F.2d 1117, 1120 (5th Cir.1983). In our circuit, a motion for leave to file an interlocutory appeal is initially addressed to a motions panel. Id. That procedure was followed here, and the *513 motions panel granted the appeal on the two discrete issues. Our precedent is clear, however, that the subsequent merits panel (our panel) is not bound by that order: “The merits panel has the benefit of full briefs and ... oral argument [and] may conclude that the initial decision to hear the appeal was ... improvident.” Id. If the merits panel so concludes, “it must vacate the earlier order granting leave to appeal and ... remand the case to the district court.” Id. Thus, we have the power to decide that the prior grant of an interlocutory appeal was improvident.
Turning to the question of the settlement credit, it is understandable that, on its face, a court could conclude that resolution of the settlement credit issue could resolve the case because applying a multimillion dollar credit to a potential liability of less than $200,000 would seem to end the matter.[1] But as the majority opinion shows, it is not always that easy. On its face, then, we are dealing with a decision about (and the majority opinion now remands for allocation of) settlement credits when the non-settling defendant has yet to be found liable for any amount at all. Both sides agree that, even after the summary judgment regarding 882 checks, Coastal’s claims regarding the 82 checks described in the majority opinion remain to be resolved. If Coastal fails to prevail on those claims, there will be no need to grant a settlement credit of any kind. Thus, the decision about settlement credits is premature and advisory. See id. at 1121.[2]
The history of settlement credits and apportioning liability among defendants has a long and sometimes tortured history in Texas jurisprudence. While the majority opinion admirably wades through the thicket, I submit we should be leery of doing so unnecessarily. Cf. Castellanos-Contreras v. Decatur Hotels, 622 F.3d 393, 399 (5th Cir.2010)(en banc)(“Interlocutory review ... is not mandatory [but] discretionary.”). I would vacate the portion of the order granting the interlocutory appeal that allowed the question of the settlement credits to proceed before our court.[3] From the majority opinion’s failure to do so, I respectfully dissent.

. Notably, Coastal contends that the orders granting summary judgment on the 882 checks are in error. That question is not before us, but the pendency of additional questions about Chase Bank’s ultimate liability further undermines our ability to be of much assistance at this point.

. The majority opinion posits that the "one satisfaction rule” may be a grounds for summary judgment, listing three factors, one of which is that “punitive damages are not at issue.” Maj. Op. at n. 82. Although Chase Bank is not alleged to owe punitive damages, the majority opinion itself notes that Holla-way settled punitive damages claims for which a settlement credit would not be available, thus complicating any simple application of the "one satisfaction rule.” Thus, I think the better approach is to await the results of the liability case before determining the question of settlement credits.

.While I agree we have the power to limit our consideration of the appeal to particular questions, the proper procedure, in my view, is to avoid piecemeal analysis by considering the entire certified order as per Castellanos-Contreras, 622 F.3d at 398 ("[I]t is the order, not the question, that is appealable.”).