## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20313

United States Court of Appeals
Fifth Circuit

**FILED**
February 17, 2016

Lyle W. Cayce
Clerk

KEITH DODDS,

Plaintiff - Appellee

v.

TERRACON CONSULTANTS, INC.,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-00297

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:*

We granted an interlocutory appeal to address the legal question whether Plaintiff–Appellee Keith Dodds has a cause of action against his former employer, Defendant–Appellant Terracon Consultants, Inc., under Texas's common law tort for wrongful termination first announced in *Sabine Pilot Services, Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985). After reviewing the record and hearing oral arguments, however, we have concluded that this interlocutory appeal was improvidently granted. When we have accepted for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interlocutory appeal under 28 U.S.C. § 1292(b) a case that we conclude, on further consideration, is not suitable for such appeal, we may vacate our order accepting appellate jurisdiction, relinquish jurisdiction, and remand the case to the district court. *Parcel Tankers, Inc. v. Formosa Plastics Corp.*, 764 F.2d 1153, 1156 (5th Cir. 1985); *see* 16 Wright et al., *Federal Practice & Procedure* § 3929 (3d ed. 2015) ("Court of appeals discretion extends beyond the initial decision to permit appeal. Discretion also is exercised by vacating an initial grant of permission when further consideration of the case shows that the grant was improvident."). Vacatur and remand is appropriate here.

Although Terracon argues that Dodds has no *Sabine Pilot* claim in light of an alternative statutory remedy, there is an underlying factual question in this case that may render this legal question non-dispositive. The district court denied summary judgment on Terracon's legal argument, but it also left to the jury the factual question whether Dodds was actually fired by Terracon for refusing to violate the law. As the district court recognized, this factual dispute is material to determining Dodds's *Sabine Pilot* claim. If the jury ultimately concludes that Dodds was not fired for refusing to violate the law, then the legal issue is rendered moot because Dodds would not have a *Sabine Pilot* claim. Although we have permitted interlocutory appeals where there was an underlying fact question,[1] we have the discretion not to do so, and we find it prudent not to do so here. While the legal question here is important to the resolution of this case (and could indeed be decided on interlocutory posture), we might be deciding a legal question that has no impact on the ultimate outcome of the case if the jury were to decide against Dodds on the factual question.

---

[1] *See, e.g., Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 399 (5th Cir. 2010) (en banc); *La. Patients' Comp. Fund Oversight Bd. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 585, 588 (5th Cir. 2005).

No. 15-20313

Vacatur is all the more advisable based on another fact. It appears to us that no Texas state court has addressed the legal question Terracon now poses, making it at least possible that this issue would benefit from certification to the Supreme Court of Texas. However, we are not confident that the Supreme Court of Texas would accept certification of a potentially non-determinative issue as in this case. *See* Tex. R. App. P. 58.1 ("The Supreme Court of Texas may answer questions of law certified to it by any federal appellate court if the certifying court is presented with *determinative* questions of Texas law having no controlling Supreme Court precedent.") (emphasis added).

We therefore VACATE our order originally granting interlocutory appeal, DISMISS this appeal without prejudice, and REMAND this case to the district court for further proceedings.