**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————

No. 15-10203

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2016

Lyle W. Cayce
Clerk

In the Matter of:  ROBERT LEWIS ADKINS, SR., doing business as R.L. Adkins, Corporation, doing business as Canyon Oil Tools, Incorporated, also known as Bob Adkins, doing business as Amerimex Rig Movers, Limited, doing business as Amerimex Drilling, Limited, doing business as Adkins Supply, Incorporated, doing business as Adkins Ranch, doing business as First Call Well Service, Limited, doing business as Amerimex GP, Limited, doing business as A & A Transports, Incorporated, doing business as RPA Properties, L.L.C., doing business as RLAC Gathering Group,L.P., doing business as Seven A Pipeline, L.L.C., doing business as Denton Gas Partners,L.L.C., doing business as Cedar Dozer Company, doing business as Digital Mudlogging,

              Debtor

--------------------------------------------

In the Matter of: ROBERT LEWIS ADKINS, SR.

              Debtor


MCLOBA PARTNERS LIMITED, doing business as U.S. Gold Firm,

              Appellant

v.

ROBERT LEWIS ADKINS, SR., doing business as R.L. Adkins, Corporation, doing business as Canyon Oil Tools, Incorporated, also known as Bob Adkins, doing business as Amerimex Rig Movers, Limited, doing business as Amerimex Drilling, Limited, doing business as Adkins Supply, Incorporated, doing business as Adkins Ranch, doing business as First Call Well Service, Limited, doing business as Amerimex GP, Limited, doing business as A & A Transports, Incorporated, doing business as RPA Properties, L.L.C., doing

No. 15-10203

business as RLAC Gathering Group,L.P., doing business as Seven A Pipeline, L.L.C., doing business as Denton Gas Partners,L.L.C., doing business as Cedar Dozer Company, doing business as Digital Mudlogging,

     Appellee

---

Appeal from the United States Bankruptcy Court
for the Northern District of Texas
No. 12-10314

---

Before BARKSDALE, CLEMENT, and HAYNES, Circuit Judges.

PER CURIAM:*

Primarily at issue is whether this interlocutory appeal, certified pursuant to 28 U.S.C. § 158(d) (procedure for authorizing a direct appeal to this court from, *inter alia*, a bankruptcy court), still satisfies the requirements for such an appeal. ORDER AUTHORIZING APPEAL VACATED; APPEAL DENIED AND DISMISSED.

I.

Robert L. Adkins, Sr. (Adkins), owned and operated several corporations, including R.L. Adkins, Corporation. In July 2011, creditors of Adkins Corporation filed an involuntary bankruptcy petition in the bankruptcy court for the Northern District of Texas, Abilene Division (the bankruptcy court); and, in October 2012, Adkins filed for personal bankruptcy in that court. McLoba Partners, Ltd., filed proofs of claim in both proceedings, seeking repayment of loans.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-10203

In the bankruptcy court in August 2013, the liquidating trustee for Adkins Corporation filed an adversary proceeding in the corporate bankruptcy matter against McLoba, objecting, *inter alia*, to its claim, and seeking subordination of it.  In response, McLoba filed a counterclaim against the trustee, and a third-party complaint against Adkins, whose personal bankruptcy was still pending in that court.

As a result, Adkins claimed in his personal bankruptcy that McLoba's third-party complaint in the corporate bankruptcy violated the automatic stay in Adkins' bankruptcy, in place pursuant to 11 U.S.C. § 362 (a)(1) (prohibiting "the commencement . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case"), and sought damages.  McLoba countered that it did not violate the automatic stay, citing *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348 (5th Cir. 2008).

In *Campbell*, this court considered whether a creditor violated the automatic stay when it made a statement in its proof of claim regarding a mortgage-payment increase.  *Id.* at 355.  In holding it did not, the court examined an opinion from a bankruptcy court in another circuit, which noted: "[T]he automatic stay serves to protect the bankruptcy estate from actions taken by creditors outside the bankruptcy court forum, *not legal actions taken within the bankruptcy court*".  *Id.* at 356 (alteration in original) (emphasis added) (quoting *In re Sammon*, 253 B.R. 672, 681 (Bankr. D.S.C. 2000)).  Relying principally on that quoted language, McLoba asserted it did not violate the automatic stay because its third-party complaint against Adkins in the Adkins Corporation bankruptcy was in the same bankruptcy court as Adkins' personal bankruptcy.

The bankruptcy court distinguished the claim in *Campbell* from the third-party proceeding at issue, and disagreed "with the broader statements of

the exception set forth in *Sammon* . . . . Such an exception—i.e., allowing any action against a debtor in the bankruptcy court, without tripping the stay wire—fails to account for the most basic purpose of the automatic stay . . . : the breathing room afforded a debtor from his creditors upon a bankruptcy filing". *In re Robert Lewis Adkins, Sr.,* No. 12-10314-RLJ-7, at 11 (Bankr. N.D. Tex. 23 July 2014). Accordingly, it ruled McLoba violated the stay, and awarded Adkins approximately $3,300 in attorney's fees. (Prior to that order, McLoba in May 2014 had dismissed the third-party complaint against Adkins in the corporate bankruptcy.)

In August 2014, McLoba moved in the bankruptcy court for certification to appeal the stay-violation order directly to this court, pursuant to 28 U.S.C. § 158(d). The motion was granted; and, a March 2015 one-line order by a motions panel of this court authorized the appeal, Order, *McLoba Partners Ltd. v. Robert Lewis Adkins, Sr.*, No. 14-90034 (5th Cir. 13 Mar. 2015), pursuant to § 158(d)(2)(A).

McLoba filed its opening brief on 10 June 2015 advising, *inter alia*, of a pending settlement with Adkins, which included, *inter alia*, his waiving all but $1 of the awarded attorney's fees. In a 10 July letter, Adkins informed this court of that settlement. Although the letter urged our court to affirm the decision of the bankruptcy court, Adkins did not otherwise submit a response brief.

This court twice ordered supplemental briefing, on 27 August 2015 and 27 January 2016, including on the question of whether the appeal should be considered moot due to the settlement, in the light of Article III's case-or-controversy requirement. *See, e.g., ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 (5th Cir. Unit B July 1981). Both parties contended the remaining $1 was sufficient to avoid mootness. Oral argument was held on 29 February, during which potential mootness and decertification of this appeal

No. 15-10203

were among the points discussed. During argument, counsel advised they were not charging their clients for appearing to argue for or against the stay-violation order. And, as presented in its briefing to this court, McLoba urged an exception for violation of the automatic stay where, as in this instance, the bankruptcy court has only one judge.

II.

Pursuant to 28 U.S.C. § 158(d)(2)(A):

> [C]ourt[s] of appeals shall have jurisdiction of appeals . . . if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree . . . certify that— (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance; (ii) the judgment, order or decree involves a question of law requiring resolution of conflicting decisions; or (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken; and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

The motions panel did not specify in its order a subsection of § 158 permitting this appeal; however, in its memorandum opinion and certification of direct appeal, the bankruptcy court stated the only basis for appeal was pursuant to § 158(d)(2)(A)(i), because there was no controlling decision for whether an automatic stay applies only to formal actions taken outside the home bankruptcy court.

Despite the motions panel's authorization of this appeal, "a panel hearing the merits of an appeal may review a motions panel ruling, and overturn it where necessary". *Mattern v. Eastman Kodak Co.*, 104 F.3d 702,

5

No. 15-10203

704 (5th Cir. 1997) (citing *United States v. Bear Marine Servs.*, 696 F.2d 1117, 1119 (5th Cir. 1983)), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).  Such necessity exists here.

The motions panel may have correctly granted the appeal at the time, something it properly did without explanation.  But, in the light of the above-described changed circumstances, we no longer authorize this appeal.  In other words, if McLoba had appealed under the circumstances as they now exist, this appeal would not have been authorized.

## III.

For the foregoing reasons, our court's order authorizing this appeal is VACATED; authorization to appeal is DENIED; and this appeal is DISMISSED for lack of jurisdiction.

No. 15-10203

HAYNES, Circuit Judge, dissenting:

Rather than vacate the order authorizing this appeal, I would reach the issue presented. I agree that a merits panel is not bound by the decision of a motions panel. However, the only circumstance that has changed since the motions panel decision is that the amount in controversy is lower. This change does not bear on the authorization analysis, namely whether this appeal involves a question of law as to which there is no controlling authority in the Fifth Circuit. *See* 28 U.S.C. § 158(d)(2)(A)(i). Moreover, at this juncture, we have devoted a considerable amount of time to the issue presented on appeal. The parties have submitted their briefing, and the case has been orally argued. *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 399 (5th Cir. 2010) (en banc) (exercising our discretion in the analogous 28 U.S.C. § 1292(b) context to hear an appeal "[a]fter so much time and effort has been expended by both the parties and the court as a whole"). Finally, vacating the order authorizing this appeal unnecessarily delays a merits determination of an issue of first impression. McLoba is still free to appeal the award of attorneys' fees to the district court which will then have to rule on the issue presented without our guidance. At that point, either party could again appeal to our court, starting this process anew and potentially causing another panel to have to dedicate time to the underlying issue. This appeal is not moot, and we should decide it.

Accordingly, I respectfully dissent.

7