# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31158

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2017

Lyle W. Cayce
Clerk

AMA DISCOUNT, INCORPORATED, doing business as
Chef Discount Market; ALI M. ALLAN; MOHAMMED ALLAN,

Plaintiffs - Appellants Cross-Appellees

v.

SENECA SPECIALTY INSURANCE COMPANY,

Defendant - Appellee Cross-Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-2845

Before KING, JONES, and ELROD, Circuit Judges.

PER CURIAM:*

The court has carefully reviewed the briefs and record in this appeal. Having done so, we conclude, contrary to a motions panel of this court, that the instant appeal does not fulfill the criteria for granting an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). We therefore revoke the certification and dismiss the appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31158

The parties here sought interlocutory appeal of two "controlling question[s] of law" as to which there is a "substantial ground for difference of opinion" and whose resolution may "materially advance the termination of the litigation." 28 U.S.C. § 1292(b). The district court held, ruling on a summary judgment motion, that Seneca had a duty to defend its insured against trade dress infringement claims despite various exclusions in the insurance policy. The court also issued an opinion holding that factual disputes precluded summary judgment on whether Seneca had run afoul of the Louisiana statutes governing bad faith refusals to handle claims. *See* La. R.S. §§ 22:1973, 22:1892. The court then agreed that the issues surrounding Seneca's duty to defend AMA Discount should be certified under Section 1292(b) largely because of a then-pending appeal from a contrary duty-to-defend ruling of the Southern District of Texas.

The decisions of motions panels of this court on the propriety of interlocutory appeals are themselves interlocutory and can be reversed by an oral argument panel, like this one, which has the benefit of full briefing and a completed record. *See United States v. Bear Marine Svcs.*, 696 F.2d 1117, 1120 (5th Cir.1983).

Having taken advantage of that better opportunity to consider the appeal, we note several critical points. First, the allegedly conflicting decision from another district court has been settled in the course of appeal. *See Awards Depot, L.L.C. v. Scottsdale Ins. Co.*, No. 16-20246, 2016 WL 9526594 (5th Cir. Oct. 21, 2016). Second, the parties to this appeal do not actually challenge what law applies to the issue the district court found decisive. They agree that, under Louisiana law, an insurer's duty to defend depends on the factual allegations and not the legal theories alleged in the relevant complaint. The parties merely dispute whether the district court accurately applied this standard when it held that Seneca had a duty to defend its insured. In sum,

2

No. 16-31158

the "controlling question of law" is one as to which there is no current "substantial ground for difference of opinion." The additional issue, whether Seneca's refusal to defend violates Louisiana law, was not explicitly discussed by the district court as fulfilling these threshold criteria. The parties' agreed motion (filed in the district court) to seek interlocutory appeal suggested several reasons the bad faith issue might fulfill the criteria, including a lack of applicable jurisprudence and the parties' own disagreement about the significance of a Louisiana Supreme Court decision. *See La. Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104 (La. 2008). Our independent review does not support a Section 1292(b) certification on this issue.

Perhaps an interlocutory certification would "materially advance the termination" of this litigation. If that were the decisive question, of course, there would be few roadblocks to interlocutory appeals of legal issues. As the parties and the learned district court are aware, however, certification is strictly limited by statute, and the statutory criteria here were not met. Accordingly, we revoke the certification and **DISMISS** this appeal.