# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2026

Lyle W. Cayce
Clerk

———————

No. 25-60327

———————

Nicholas Services, L.L.C., *doing business as* Nicholas Air;
Corr Flight S., Incorporated,

*Plaintiffs—Appellants*,

*versus*

Glassdoor, L.L.C.,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:23-CV-448

———————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.
Andrew S. Oldham, *Circuit Judge*:[1]

The principal question presented is whether a party can lose a transfer motion in our circuit, wait until the transferred case is litigated to judgment in our sister circuit, and then use § 1291 jurisdiction to undo the long-ago-transferred-and-now-final decision. We hold it cannot.

———————————————

[1] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60327

## I

Nicholas Services, L.L.C., d/b/a Nicholas Air and Corr Flight S., Inc. own and operate a private aviation company based in Oxford, Mississippi. Nicholas Air holds the operating certificate and serves as the brand name, while Corr Flight employs the people who work for the business.

Defendant Glassdoor L.L.C.'s website allows current and former employees to review their employers. The website invites employees to fill out a questionnaire that asks them to "rate" employers from one to five stars, and confirm whether they "recommend" their employer "to a friend" and "approve of the CEO." ROA.172. (citations modified). It also asks them to list the pros and cons of working for the employer. If an employer has a pre-existing company profile, its employees' reviews will attach to that profile. If not, Glassdoor creates a company profile that the employer can claim later.

Nicholas Air and Corr Flight discovered a company profile for Nicholas Air on Glassdoor's website. The profile featured negative reviews from supposed employees.

Nicholas Air asked Glassdoor to take down the reviews. When that effort failed, Nicholas Air claimed its company profile so it could respond to the reviews. In doing so, Nicholas Air signed Glassdoor's Terms of Use agreement, which has a forum selection clause that requires all relevant disputes to be litigated in California state court or the United States District Court for the Northern District of California.

Nonetheless, Nicholas Air and Corr Flight sued Glassdoor and thirty unnamed defendants in Mississippi state court. Relevant here, Nicholas Air and Corr Flight alleged that the negative reviews defamed them. Glassdoor removed the suit to federal court, then filed a motion to either dismiss or, in the alternative, to transfer the suit to the Northern District of California.

2

No. 25-60327

The district court severed and transferred only Nicholas Air's claims. Then the district court dismissed Corr Flight's defamation claim under Federal Rule of Civil Procedure 12(c).[2]

Nicholas Air and Corr Flight appealed. They ask us to review (II) the district court's sever-and-transfer order and (III) the district court's order dismissing Corr Flight's defamation claim. We discuss each in turn.

II

We lack jurisdiction over Nicholas Air's claims.

Our jurisdiction extends to "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. But as often goes without saying, we can only hear appeals from district courts within our circuit. *See id.* § 1294(1). Once a case is "transferred to a district court in a different circuit," we cannot order the transferee court to return it. *In re Red Barn Motors, Inc.*, 794 F.3d 481, 483–85 (5th Cir. 2015) (per curiam); *see also Def. Distrib. v. Platkin*, 55 F.4th 486, 493 (5th Cir. 2022) ("[T]he status quo before the erroneous sever-and-transfer order cannot be recreated."). The only remedy we can provide once a case has been transferred to another circuit is to "direct[] the transferor district court to request that the transferee district court return the case." *Red Barn Motors*, 794 F.3d at 484; *see also Def. Distrib. v. Bruck*, 30 F.4th 414, 436–37 (5th Cir. 2022).

Here, Nicholas Air's case was transferred out of circuit. Its claims are now in a district "over which this court exercises no control." *Bruck*, 30 F.4th at 423. And Nicholas Air did not diligently petition our court for a writ of mandamus. It litigated its claims to final judgment in Northern District of

---

[2] The Northern District of California did the same with Nicholas Air's claims. *See Nicholas Servs., LLC v. Glassdoor, LLC*, No. 24-CV-05789, 2025 WL 240765, at *1 (N.D. Cal. Jan. 17, 2025), *appeal filed*, No. 25-1005 (9th Cir. Feb. 14, 2025).

No. 25-60327

California and, after it lost, appealed the Northern District of Mississippi's order severing and transferring its claims. *See Nicholas Servs., LLC v. Glassdoor, LLC*, No. 24-CV-05789, 2025 WL 240765 (N.D. Cal. Jan. 17, 2025) (entering judgment on the merits), *appeal filed*, No. 25-1005 (9th Cir. Feb. 14, 2025). So we cannot rule on the sever-and-transfer order's validity, nor order the case returned.

In response, Nicholas Air protests that sever-and-transfer orders are "reviewable after final judgment." Supp. Blue Br. at 3 (collecting cases). True, appeals from a district court's final decision "brings up all interlocutory rulings for appellate resolution," including orders regarding transfer. *Anderson v. Aon Corp.*, 614 F.3d 361, 364 (7th Cir. 2010); *see, e.g.*, *Empire Indem. Ins. Co. v. N/S Corp.*, 571 F. App'x 344 (5th Cir. 2014) (per curiam) (reviewing order denying transfer after district court granted summary judgment). But that general statement applies to transfers *within* our circuit. The transfer to a district court out of our territorial reach "end[s] our control over the case." *Platkin*, 55 F.4th at 493.[3]

We conclude we lack jurisdiction to consider Nicholas Air's arguments.

## III

Next, we review the district court's order dismissing Corr Flight's defamation claim. The district court reasoned that Corr Flight did not allege

---

[3] *In re: Howmedica Osteonics Corp.*, 867 F.3d 390 (3d Cir. 2017), is not to the contrary. The Third Circuit defines the moment at which it loses jurisdiction over a case transferred out-of-circuit differently than our court. *Compare In re Sw. Mobile Homes, Inc.*, 317 F.2d 65, 66 (5th Cir. 1963) (per curiam) (the transferor court lost jurisdiction once the transferee court received the case's papers and the case was docketed), *with Howmedica*, 867 F.3d at 400 (the transferee court's issuance of two case management scheduling orders was "not sufficient to divest [it] of jurisdiction"). Neither court would conclude that it has jurisdiction over a transferred case that has proceeded to final judgment.

No. 25-60327

facts sufficient to show that (1) Glassdoor's statements were "clearly directed" at Corr Flight; and (2) Glassdoor's statements were "clearly and unmistakably defamatory." ROA.699–ROA.700 (citation modified). We review "a district court's grant of judgment on the pleadings under Rule 12(c) *de novo.*" *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

We have carefully reviewed Corr Flight's second amended complaint, the parties' briefs, the record, and the district court's decision. We find no reversible error.

\* \* \*

We DISMISS Nicholas Air's appeal for lack of jurisdiction. We AFFIRM the district court's order dismissing Corr Flight's defamation claim on the pleadings.